PAUL M. FAKLER (*pro hac vice*)
paul.fakler@arentfox.com
ROSS CHARAP (*pro hac vice*)
ross.charap@arentfox.com
ERIC ROMAN (*pro hac vice*)
eric roman@arentfox.com
**ARENT FOX LLP**
1675 Broadway
New York, NY  10019-5874
Telephone: 212.484.3900
Facsimile: 212.484.3990

Michael M. Kowsari (Bar No. 186899)
michael.kowsari@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: 213.443.7620
Facsimile: 213.629.7401

*Attorneys for Defendant*
*MusicNet, Inc. d/b/a MediaNet Digital*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE MANN,<br><br>            Plaintiff,<br><br>v.<br><br>MEDIANET DIGITAL, INC.,<br><br>            Defendant. | Case No.  CV 13-5269 GHK (FFMx)<br><br>**JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES; DECLARATION OF ERIC ROMAN**<br><br>Discovery Cutoff:  October 31, 2014<br>Hearing Date:       September 23, 2014<br>Time:                    10:00 a.m.<br>Courtroom:           E – 9th Floor<br><br>***Assigned to The Honorable Frederick F. Mumm*** |

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

# TABLE OF CONTENTS

**Page**

I.   PRELIMINARY STATEMENTS AND FACTUAL BACKGROUND ............ 1

   A.   MediaNet's Preliminary Statement............................................ 1

   B.   Mann's Preliminary Statement ................................................ 3

II.  PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES................ 6

   A.   <u>Issue</u>: Mann's Delay In Responding to MediaNet's Discovery

      Requests Production ............................................................ 6

      1.   <u>MediaNet's Contention</u>:  Mann's Unjustified Delay and

         Abuse of the Meet and Confer Process Have Successfully

         Frustrated MediaNet's Efforts to Obtain Timely

         Discovery Necessary For MediaNet's Defense ........................ 6

      2.   <u>Mann's Contention</u> .................................................... 10

   B.   <u>Issue</u>:  Mann's Delay In Producing Her Privilege Log......................... 14

      1.   <u>MediaNet's Contention</u>: Mann Has Waived Her Claim of

         Privilege By Failing to Produce Her One-Entry Privilege

         Log Until More Than Three Months After Her Document

         Production Was Due........................................................ 14

      2.   <u>Mann's Contention</u> .................................................... 19

   C.   <u>Issue</u>: Objections On Grounds of Confidentiality or Privacy................ 20

      1.   <u>MediaNet's Contention</u>:  Mann's Objections to Producing

         Confidential or "Private" Materials Should Be Overruled

         In View of the Stipulated Protective Order In Effect In

         This Action .................................................................. 20

      2.   <u>Mann's Contention</u> .................................................... 22

   D.   Mann's Repeated Objection to the Use of the Term "Concerning"

      In MediaNet's RFPs........................................................... 25

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1

**TABLE OF CONTENTS**
(continued)

2

Page

3

     1.  <u>MediaNet's Contention</u>:  Mann's Objection to the Term

4

         "Concerning" Is Specious and Should Be Withdrawn............ 25

5

     2.  <u>Mann's Contention</u> ........................................................ 27

6

E.  RFP No. 4 ......................................................................... 27

7

     1.  <u>MediaNet's Contention</u>:  Mann Must Produce All

8

         Responsive Documents, Including All Copyright

9

         Registrations and Agreements With Third Parties,

10

         Establishing Complete Chain of Title to Each of the

11

         Compositions At Issue .............................................. 27

12

     2.  <u>Mann's Contention</u> ........................................................ 33

13

F.  There have been no claims of competing ownership by third

14

   parties with the registered copyright owners, filed or otherwise,

15

   and there are no such documents to produce in Mann's

16

   possession, custody or control. RFP No. 9 ......................................... 34

17

     1.  <u>MediaNet's Contention</u>:  Mann Should Be Compelled to

18

         Produce All Deposit Copies Submitted to the U.S.

19

         Copyright Office In Connection With the Registration of

20

         Each of the Compositions at Issue ........................................... 34

21

     2.  <u>Mann's Contention</u> ........................................................ 37

22

G.  RFP No. 10 ......................................................................... 37

23

     1.  <u>MediaNet's Contention</u>:  Mann Should Be Compelled to

24

         Produce All Communications Between Mann and the

25

         U.S. Copyright Office In Connection With the

26

         Registration of Each of the Compositions at Issue .................. 37

27

     2.  <u>Mann's Contention</u> ........................................................ 39

28

H.  RFPs Nos. 13, 16, 19, 20, and 39 ............................................. 39

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

ii

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

**TABLE OF CONTENTS**
(continued)

Page

     1.  <u>MediaNet's Contention</u>:  Mann Should Be Compelled to Produce Documents and Communications Concerning Mechanical Licensing of the Compositions at Issue By Third Parties Going Back Five Years Prior to the Filing of the Complaint .................................................................. 39

     2.  <u>Mann's Contention</u> ................................................................ 43

I.  RFP No. 38 ................................................................................ 47

     1.  <u>MediaNet's Contention</u>:  Mann Should Be Compelled to Produce Her Banking or Other Financial Records Showing Payments Made for Mechanical Licenses to the Compositions At Issue.............................................................. 47

     2.  <u>Mann's Contention</u> ................................................................ 50

J.  RFP No. 41 ................................................................................ 52

     1.  <u>MediaNet's Contention</u>:  Mann Should Be Compelled to Produce Documents Sufficient To Evidence Income That Mann Has Received From Mechanical Licenses In Connection With Any Of the Compositions At Issue In the Last Five Years .................................................................. 52

     2.  <u>Mann's Contention</u> ................................................................ 55

K.  Interrogatory No. 2.................................................................... 58

     1.  <u>MediaNet's Contention</u>:  Mann Must Provide a Complete Response To This Interrogatory and Describe the Circumstances Under Which She First Became Aware of MediaNet's Allegedly Infringing Activity ............................... 58

     2.  <u>Mann's Contention</u> ................................................................ 59

L.  Interrogatory No. 4 .................................................................. 59

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

iii

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

**TABLE OF CONTENTS**
(continued)

Page

1.   MediaNet's Position:  Mann Must Be Compelled to Respond to This Interrogatory ............................................... 59

2.   Mann's Contention ........................................................... 62

M.   Interrogatory No. 6 .................................................................. 65

1.   MediaNet's Contention:  Mann Must Provide a Complete Response to This Interrogatory, Including the Dates Requested ........................................................................ 65

2.   Mann's Contention ........................................................... 66

N.   Interrogatory No. 8 .................................................................. 66

1.   MediaNet's Contention: Mann Must Identify All NOIs, Including Third Party NOIs, She Received For Each of the Compositions at Issue ...................................................... 66

2.   Mann's Contention ........................................................... 68

O.   Interrogatory No. 9 .................................................................. 69

1.   MediaNet's Contention:  Mann Must Provide the Bank Account Information Requested In This Interrogatory ............ 69

2.   Mann's Contention ........................................................... 70

P.   Interrogatory No. 12 ................................................................ 72

1.   MediaNet's Position:  Mann Must Be Compelled to Respond to This Interrogatory ............................................... 72

2.   Mann's Contention ........................................................... 74

III. CONCLUSION ............................................................................... 74

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

iv

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

This Joint Stipulation and supporting declarations are submitted by the undersigned parties pursuant to Local Rule 37-2 in connection with the motion by Defendant MusicNet, Inc. d/b/a MediaNet Digital ("MediaNet") for an order (i) striking a number of Plaintiff Aimee Mann's ("Mann's") general and specific objections to MediaNet's requests for production (the "RFPs") and interrogatories (the "Interrogatories"); (ii) compelling Mann to produce documents responsive to the RFPs; (iii) compelling Mann to respond to various Interrogatories that, thus far, MediaNet claims and Mann denies that Mann has improperly refused to answer and (iv) compelling Mann to amend certain other Interrogatories that she agreed to amend but that, to this day, she still has not.  In accordance with Local Rule 37-1, counsel for MediaNet and counsel for Mann met and conferred telephonically on May 23, 2014, August 4, 2014, and August 6, 2014, and attempted in good faith during those conferences to resolve the discovery disputes raised in MediaNet's correspondence.  While counsel for the parties were able to resolve some of these disputes, they were unable to resolve all of them, thus making this motion necessary.

## I.   PRELIMINARY STATEMENTS AND FACTUAL BACKGROUND

### A.   MediaNet's Preliminary Statement

On March 3, 2014, the Court issued its Scheduling Order in this case (*see* Roman Decl.[1], Exh. A), which set October 31, 2014 as the cutoff date for fact discovery.  The Court explicitly instructed the parties that the October 31st cutoff is a strict one, and that:

> any discovery that is not received in hand by the requesting party by the completion date will be denied. If any discovery motions are necessary, the parties shall ensure that they are calendared and heard by the magistrate judge sufficiently in advance of the

---

[1] "Roman Decl." refers to the Declaration of Eric Roman In Support of the Joint Stipulation Regarding Defendant's Motion To Compel Production Of Documents And Interrogatory Responses, filed contemporaneously herewith.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

1

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

completion date to permit actual production, by the completion date, of any discovery the judge might order.

Roman Decl., Exh. A, ¶ 2.

With this strict fact discovery deadline in mind, MediaNet served its RFPs and Interrogatories on Mann on March 20, 2014. Roman Decl., ¶¶ 4 and 5. Mann's original deadline to respond was April 24, 2014. *Id.*, ¶ 6. MediaNet, at Mann's request, agreed to extend that deadline to May 1, 2014. *Id.*

Obtaining timely discovery from Mann, however, has been a challenge. Rather than simply comply with her discovery obligations, Mann has engaged in an extended pattern of unjustified delay and abuse of the Local Rules' meet-and-confer process in order to frustrate MediaNet's ability to obtain the discovery necessary to mount a defense within the short discovery period.

Despite counsel's serial assurances that production would soon be forthcoming, Mann did not produce a single responsive document until June 26, 2014 (a full two months after their initial due date), which was the same date that MediaNet served Mann with MediaNet's portion of a joint stipulation to compel discovery.[2] *Id,* ¶ 23. In view of the fact that Mann had finally produced documents, MediaNet withdrew its joint stipulation to reassess what issues still remained. *Id.*, ¶ 30.

In any event, it has now been almost four months after the original date that Mann's document production was due, and Mann's production remains deficient (for the reasons set forth in detail below) even after several pre-motion conferences in which MediaNet attempted in vain to obtain compliance without motion practice.

MediaNet can no longer afford to wait for Mann to voluntarily comply with discovery. The Court explicitly warned the parties that the October 31, 2014 fact discovery cutoff is an absolute deadline, and that the parties must have all discovery disputes resolved by the Court and all needed discovery in hand by that date. With

_____

[2] This is in sharp contrast to MediaNet, which began producing documents on a rolling basis on the date it timely served its written responses and objections.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

2

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1   each passing day that Mann fails to produce responsive documents or respond to

2   Interrogatories, MediaNet runs the increasing risk that it will not have available to it

3   the documents and information it will need to properly defend against Plaintiff's

4   claims of copyright infringement.

5   **B.    Mann's Preliminary Statement**

6          By way of background, Mann is a prolific songwriter and recording artist

7   who is the registered copyright owner of the alleged compositions (the

8   "Compositions").  On or about December 5, 2003, Mann entered into an agreement

9   with MediaNet pursuant to which Mann granted MediaNet a license to reproduce

10  and distribute the Compositions for "On-Demand Streams," "Limited Downloads"

11  and "Digital Phonorecord Deliveries" through its online music service.  In addition

12  to paying royalties to Mann, MediaNet also agreed to provide services in

13  connection with the Compositions and to maintain them.  The initial term of the

14  Agreement (the "Term") was December 4, 2006.  However, the Agreement

15  contained an auto-renewal provision that purported to automatically extend the

16  Term for two years if either party failed to give the other party notice of its intent to

17  terminate the Agreement (the "Auto-Renewal Provision").  MediaNet claimed that

18  the Term was automatically renewed four times under that provision. The

19  agreement contained a New York choice of law provision.

20         On November 27, 2013, this case was greatly simplified when the Court

21  found that the Auto-Renewal Provision was unenforceable as a matter of law

22  pursuant to New York General Obligations Law § 5-903.  Order re Motion to

23  Dismiss, Civil Minutes filed November 27, 2013, Document 26 ("Ruling").  As

24  Court ruled:

25         …[Mann] contends that the License Agreement, as a contract
           involving a service for her property, was subject to New York General
26         Obligations Law § 5-903. That statute provides, in relevant part:

27         No provision of a contract for service . . . to or for any . . . personal
28         property which states that the term of the contract shall be deemed

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

3

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

renewed for a specified additional period unless the person receiving the service . . . gives notice to the person furnishing such contract service . . . of his intention to terminate the contract at the expiration of such term, shall be enforceable against the person receiving the service . . ., unless the person furnishing the service . . ., at least fifteen days and not more than thirty days previous to the time specified for serving such notice upon him, shall give to the person receiving the service . . ., written notice, served personally or by certified mail, calling the attention of that person to the existence of such provision in the contract.

Mann asserts that because MediaNet failed to alert her to the existence of the auto-renewal provision, the License Agreement was not automatically renewed after its initial term ended on December 4, 2006.  (FAC ¶ 23).  MediaNet does not contend that it sent Mann notice of the License Agreement's auto-renewal. Instead, MediaNet makes three arguments as to why § 5-903 is wholly inapplicable here: (i) it does not apply to intellectual property licenses; (ii) it was enacted to protect consumers; and (iii) it only protects the paying party. These arguments are unpersuasive.

\*\*\*\*

In light of the expansive reading courts have given § 5-903 and MediaNet's contractual obligations under the License Agreement, we agree with Mann.  By the plain terms of the License Agreement, MediaNet agreed to furnish its digital music services on behalf of Mann's compositions. (FAC Ex. B, License Agreement at 1).  It contracted to use its digital storage and security, streaming, and download technology to promote and distribute Mann's songs to its business partners and end-users. Because these services relate to personal property and this case does not fall "within the limited exception developed for 'personal services contracts,'" § 5-903 applies.  *See Carbo Industries, Inc.*, 154 F. App'x at 219-220. MediaNet's blustering and conclusory labels do nothing to convince us that these services do not fall within § 5-903's ambit.  That MediaNet's service is furnished online is immaterial: "there is no policy reason to restrict the application of this remedial statute which was aimed at a widespread abuse." *Tel. Secretarial Serv. v. Sherman*, 277 N.Y.S.2d 45, 47 (Sup. Ct. App. 1966).  We therefore conclude that the services rendered by MediaNet in connection with Mann's property place it squarely within the scope of § 5-903. *See id.*; *Peerless Towel Supply Co. v. Triton Press, Inc.*, 160 N.Y.S.2d 163, 165 (App. Div. 1957).

Accordingly, the auto-renewal of the License Agreement is unenforceable under § 5-903.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

4

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Ruling at pages 5-7.

In other words, the Term of the license agreement ended on December 4, 2006 as a matter of law.  "And as Mann correctly notes, "after expiration of a license, further exercise by the licensee of the licensed exploitation rights constitutes copyright infringement."  *Wu v. Pearson Educ. Inc.*, 277 F.R.D. 255, 267 (S.D.N.Y. 1991) (quoting Nimmer on Copyright § 10.15)."  Ruling at page 4.  MediaNet admits that it reproduced, distributed, performed and streamed the Compositions after December 4, 2006 during the period of limitations applicable to copyright claims.  MediaNet therefore committed copyright infringement by violating the "exclusive rights of the copyright owner" and is liable for statutory damages.  17 U.S. Code Sections 106, 501 and 504 (c).

Thus, the case is simple and straightforward except to the extent MediaNet attempts to confuse the issues with overbroad, burdensome and irrelevant discovery.  The scope of permissible discovery is not unbounded.  Requested discovery must relevant, and it must not impose an undue burden under the tests described in Rule 26(b)(2)(C).  Even where requested discovery is relevant, the Court may limit it if the Court finds either that:  (1) the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues" or (2) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Rule 26(b)(2)(C)(i) and (iii).

Mann has produced her records of ownership of the Compositions, including all copyright registrations in her possession, custody or control, the few deposit copies that were retained, co-publishing agreements in her possession, custody or control, and per MediaNet's counsel's request, her most current schedule (spreadsheet) of ownership information for each of the compositions by title,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

5

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

publisher, copyright registration number, date of registration and date of release. She, her attorneys and management firms have, without limitation, produced all writings and communications with MediaNet and its representatives, all royalty statements and payments from MediaNet or its representatives, all non-privileged communications concerning MediaNet (*two* privilege logs have been provided) and all other responsive documents Mann agreed to produce, consisting of 1463 pages. That is all that is relevant and reasonably calculated to lead to admissible evidence. Mann has not produced work product of her authorship of the Compositions, third party licenses and third party royalties (Mann is proceeding under Section 504(c) statutory damages), and personal bank records.  As the legal discussion in the actual context of the requests and interrogatories will demonstrate below, except as agreed to by counsel for Mann, nothing further should be required under Rule 26(b)(2)(C)(i) and (iii).

## II.   PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES

**A.   <u>Issue:</u> Mann's Delay In Responding to MediaNet's Discovery Requests Production**

> **1.   <u>MediaNet's Contention</u>:  Mann's Unjustified Delay and Abuse of the Meet and Confer Process Have Successfully Frustrated MediaNet's Efforts to Obtain Timely Discovery Necessary For MediaNet's Defense**

Throughout the discovery process thus far, Mann has engaged in a campaign of tactical delay that has, unfortunately, been successful at frustrating MediaNet's attempts to obtain discovery from Mann.  It began when Mann requested a three-week extension of her original April 24th deadline for producing responsive documents.  Roman Decl., ¶ 6.  Given the time constraints imposed by the Court's scheduling order, MediaNet declined to consent to a three-week extension, but as a courtesy extended Mann's deadline to respond to May 1, 2014.  *Id*.

Mann, however, did not produce documents on May 1st.  *Id.*, ¶ 10.  MediaNet's counsel reached out to Mann's counsel the very next day to find out when Mann

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

6

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

would be producing her responsive documents. *Id.* ¶ 13. Mann's counsel represented that MediaNet would be receiving documents within the next two weeks, *i.e.*, prior to about May 15th. *Id.*

By May 12th, Mann had still not produced a single document. *Id.*, ¶ 14. MediaNet's counsel emailed Mann's counsel to ask Mann to state specifically when MediaNet could expect Mann's production. *Id.* Mann's counsel replied that while he had been distracted by other cases, he was now focused on this one. *Id.*, ¶ 15. He also represented that "he would be playing catch up today and dealing with" discovery in this case, and thereby implying that Mann was on the verge of producing documents. *Id.* MediaNet's counsel waited another week, but still received no production from Mann. *Id.*, ¶ 16.

On May 20, 2014, MediaNet's counsel sent Mann's counsel a letter detailing the deficiencies in Mann's discovery responses and requesting a telephonic meet and confer. *Id.*, ¶ 17 and Exh. H. The parties met and conferred on May 23rd at which point Mann's counsel represented that he would provide amended responses to Interrogatories 2, 6 and 12 within approximately one week's time, and that Mann would be producing documents on about May 30th. *Id.*, ¶ 20.

On June 26th, having still not received any responsive documents or amended interrogatory responses from Mann, MediaNet served Mann with its portion of a joint stipulation pursuant to L.R. 37 regarding a motion by MediaNet to compel discovery. *Id.*, ¶ 22. That same day, Mann finally produced responsive documents for the first time, mooting some of the arguments in MediaNet's motion to compel, and raising additional issues. *Id.* As a result, MediaNet was forced to withdraw its joint stipulation and begin the meet and confer process all over again. *Id.,* ¶¶ 23 and 30. In other words, by waiting for MediaNet to serve a joint stipulation to comply with MediaNet's document demands, Mann was able to obtain the maximum advantage in terms of delaying her document production. Mann's blatant manipulation of the L.R. 37 process and should not be countenanced by the

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

7

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Court.

Even after she finally produced documents, however, Mann has continued to refuse to fully comply with even the most basic of discovery requests and has thereby further delayed the progress of discovery in this case.

For example, Mann has twice produced her documents in a format that is defective, confusing, and contrary to what the parties agreed at their Rule 26(f) conference.  Roman Decl., ¶¶ 23-34.  The parties agreed that electronic documents would be produced "in single page .tiff format with Concordance load files indicating the beginning and ending Bates numbers and attachments for each document and including OCR."  Roman Decl., ¶ 25 and Exh. J at ¶ 6(C).[3]

Instead, on June 26, 2014 – long after the deadline for production had already passed – Mann produced her documents in PDF instead of ".tiff" format, and without either OCR or a Concordance load file.  *Id.*, ¶ 26.  In addition, the names of the PDF files she produced did not correspond to the Bates numbering of her production, and in many instances the names of the files did not even accurately reflect their contents.  *Id.*  That is to say, not only did Mann fail to produce her documents in the format that the parties had originally agreed to, the format in which she produced her documents was confusing and made it more difficult to review Mann's production and evaluate its sufficiency.  *Id.*, ¶ 27.

On July 8th, MediaNet's counsel emailed Mann's counsel to request that Mann re-produce her documents in the agreed-on format (i.e., ".tiff" images with OCR, and with a Concordance load file).  *Id.*, ¶ 28 and Exh. K.  Mann's counsel

---

[3] The ".tiff" format is an image format that is the standard format used in electronic discovery to store documents.  "OCR" stands for optical character recognition, which is the standard method employed to permit electronic images of documents, such as ".tiff" images, to be text-searchable in an electronic document management system.  A "load file" is necessary to, among other things, provide the electronic document management system with the information necessary to associate the single page ".tiff" images with OCR information and document grouping for efficient review.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

8

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1    responded that he could either send the production to be OCR'ed by a copy service,

2    or that MediaNet could instead process Mann's production on its own and the

3    parties would then split the cost. *Id.*, ¶ 29 and Exh. K. Mann's proposal was

4    unacceptable to MediaNet, as it did not conform to the Joint Case Management

5    Statement, would not have solved the problem of how to load Mann's production

6    into MediaNet's electronic discovery system, and called for MediaNet to bear part

7    of the cost of Mann's production. *Id.*

8         During the parties' August 4th telephonic meet and confer, counsel for

9    MediaNet once again raised the issue of the formatting of the documents with

10   Mann's counsel. *Id.*, ¶ 33. Mann's counsel stated, in substance, that his firm

11   simply did not have the facilities in-house to produce the documents in the agreed-

12   on format, and that he did not know why his firm had agreed to that format. *Id.* Of

13   course, it is irrelevant whether counsel knew why his firm agreed to the e-discovery

14   protocol. His claim that his firm does not have certain software in-house is also

15   irrelevant, because any legal copy vendor could have formatted the documents in

16   accordance with the Joint Case Management Statement.

17        During that same August 4th telephone conference, it came to light that

18   MediaNet's copy of the production was missing certain documents that Mann's

19   attorney claimed he intended to produce. *Id.*, ¶ 34. There were also gaps in the

20   Bates numbering of the production copy that MediaNet had been working from. *Id.*

21   Those defects, and the inability of the parties to detect them until the meet and

22   confer were all a direct result of the defective formatting that Mann's counsel

23   employed. *Id.*, ¶ 35.

24        Mann's attorney produced her documents for the second time on Tuesday,

25   August 5th. *Id.*, ¶ 36. While this "re-production" was supposed fix the problems

26   with Mann's first production, her second production had the same problems as her

27   first one. It was again in PDF format, with no OCR and with the same file naming

28   issues described above. *Id*, ¶ 37.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

9

CASE NO. CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

During the parties' continued meet and confer on August 7th, MediaNet's counsel cautioned that MediaNet intended to serve Mann with another joint stipulation regarding various other unresolved discovery issues, and that the formatting of the production would be among the issues addressed if Mann did not make her production in the correct, agreed-on format. *Id.*, ¶ 40.a. Later that day, after the meet and confer, Mann's counsel emailed MediaNet's counsel to advise that Mann was sending her document production to a vendor to be processed in the format requested. *Id.*

On August 12th, MediaNet received a compact disc from Mann with her re-formatted production. *Id.*, ¶ 40.a. However, the formatting was still defective. *Id.* About half of the documents on that disc were in a format called "JPEG," instead of ".tiff." *Id.* Not only was JPEG not the format agreed to, JPEG images take much longer to process which makes electronic review of those documents difficult. *Id.* Although Mann's counsel represented that his vendor would correct the problem and send MediaNet an updated production that is completely in the correct format (as opposed to just half correct), MediaNet has not yet received that updated production from Mann, which is causing further unnecessary delay in completing discovery. *Id.*

On August 20, 2014, Mann made a second production of approximately 36 additional documents. *Id.*, ¶ 41. While this second production was in the correct format, the issues regarding the formatting of Mann's main production remain outstanding.

### 2.   <u>Mann's Contention</u>:

The impression created by counsel for MediaNet is far different than the tone of telephone conferences and the actual effort of Mann to fully comply with the requests of counsel for MediaNet.

Mann made its initial production of documents consisting of 1179 pages on June 26, 2014. Earlier that week, counsel for Mann informed counsel for MediaNet

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

10

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

that the production would be made that week, but counsel nevertheless served the draft joint stipulation literally simultaneously with Mann's production on June 26. Counsel for Mann requested that MediaNet withdraw its draft, at least until MediaNet had an opportunity to review the production. MediaNet refused, and instead required Mann to respond to an earlier draft of the joint stipulation on July 9, 2014, which it then withdrew.

The initial production of 1179 pages was made three times, first by way of 3 DropBox folders that were shared with counsel for MediaNet, Eric Roman, on June 26, 2014. Following an email exchange of July 8, 2014, there were no complaints about the form of production until July 25, 2014, as of which date it appeared that the 2 of the 3 Dropbox folders were never even reviewed, at least according to Dropbox. Following a telephonic meet and confer on August 4, 2014, counsel for Mann attempted to re-produce the documents to MediaNet counsel's dedicated "secure FTP server" per Eric Roman's request, but also double-checked the original DropBox production and found that it was complete. The problem was on MediaNet's end. Accordingly, counsel for Mann wrote to Roman on August 5, 2014, stating:

> Eric, I checked and reshared the dropbox folders Mann Production 1-563, 564-1000 and 1001-1179. As I mentioned in our phone call yesterday, it appears, according to dropbox at least, that you had not opened the latter two shared folders. But even your upload of 1-563 was incomplete because when we did the sample check for "Frankenstein," you said it was not there. Please go directly to your dropbox.com and search "Frankenstein" and you should find the certificate at pages 148-49 and the printout at pages 1072-73. If not, something is wrong in the way you are able to share the folders.
>
> There may be a difference in downloading from the "link" and viewing the folder directly in dropbox.com. So to be safe, I have had my assistant, Nicole, send you a disc by FedEx as well for morning delivery. Once we can at least confirm that we are on the same page (literally) with respect to the document production, we can have the follow-up call later tomorrow.

(Email of August 5, 2014 from Henry Gradstein to Eric Roman attached to

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

11

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Declaration of Henry Gradstein ("Gradstein Decl.").).

Later that day, Eric Roman was apparently able to open the folders (seemingly for the first time) and wrote: "I received the Dropbox files and checked 'Frankenstein' [one of the compositions] to confirm we are on the same page. Still, we appreciate receiving the disk as a failsafe." (Email of August 5, 2014 from Eric Roman.)

Roman received the disk as a failsafe the next day as promised. As can be seen from Roman's quote above, production in a Concordance format was not an issue of great moment. The undersigned law firm did not have the Concordance software until earlier this summer and Mann's counsel offered split the cost for MediaNet's vendor to convert the pdf files, which was an apparently *di minimus* expense, but MediaNet declined. Following the productions and reproductions described above, Mann produced the documents *yet again* as converted by Mann's independent vendor, IDiscover, in a format that Mann's counsel understood was correct. Then Roman complained about the disc containing color jpegs: "I received the disk, but our vendor is having some trouble getting the images of the documents to load quickly." (Email of August 12, 2014 from Eric Roman attached to Gradstein Decl.) The point is not that the production was incorrect, but that because it contained color jpegs, it loaded more slowly. Nevertheless, Mann's counsel immediately put Roman in direct email contact with the vendor, moments after receiving Roman's email:

> Eric, I am copying our IT guys at IDiscover because this is above my pay grade and it will be impossible for me to explain. As there will be additional productions on both sides, I would like to get this ironed out. They are an outside vendor so please feel free to include them on communications regarding these tech issues.

(Email of August 12, 2014 from Gradstein to Roman attached to Gradstein Decl.)

MediaNet's current proposed stipulation was the first counsel for Mann learned that the color jpeg issue was unresolved and that the vendor did not mail

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

12

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

another disk to Roman per the email exchanges. Mann has thus now sent yet another disk without color jpegs to Roman.  But it is a red herring.  Counsel for MediaNet has confirmed that MediaNet received *and reviewed* the initial production *three times*, first by way of the sharing of Dropbox files, second by way of a disk containing PDFs and third by way of a Concordance disk which accurately reflected color files.  None of this has caused delay in completing discovery.  The total initial and supplemental production consists of 1463 pages and is easily reviewed in any format.

The history of this production, including Mann's was an evolution of agreements made between counsel in order to narrow the issues primarily to the question of whether third party licenses and royalties should be produced.  (Mann explains below why such documents concerning her earnings as a songwriter are private and irrelevant.)  Mann has produced her records of ownership of the Compositions, including all copyright registrations in her possession, custody or control, the few deposit copies that were retained, co-publishing agreements in her possession, custody or control, and per MediaNet's counsel's request, her most current schedule (spreadsheet) of ownership information for each of the compositions by title, publisher, copyright registration number, date of registration and date of release.  She, her attorneys and management firms have, without limitation, produced all writings and communications with MediaNet and its representatives, all royalty statements and payments from MediaNet or its representatives, all non-privileged communications concerning MediaNet (*two* privilege logs have been provided) and all other responsive documents Mann agreed to produce.

Mann has not produced work product of her authorship of the Compositions, third party licenses, third party royalties and personal bank records because she is proceeding under section 504 (c) statutory damages, which is the real question at hand.  As Mann's counsel wrote to Medianet's counsel on August 14, 2014:

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

13

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Eric, following my review of the documents with Leslie on Tuesday, I obtained the spreadsheet which I sent but will reproduce, another half-dozen registrations we were able to locate and sheet music deposit copies in those instances in which the sheet music was the deposit. In almost all instances the deposit was the released CD, however, an extra copy of which was not kept. I also found additional royalty statements with MediaNet with uncashed checks which we will produce. I just received the PDFs yesterday afternoon and am sending them to Idiscover to put into the Concordance production format for delivery to you Monday.

We will stipulate to the dates of release.

This essentially leaves the issue of the 3rd party licenses and royalties for the five year period leading up to the filing of the Complaint as the issue to be addressed by way of motion.

(Email of August 14, 2014  from Gradstein to Roman attached to Gradstein Decl.)

There is no point to this section by MediaNet concerning Mann's two month delay in the initial production, or format issues.  Nothing substantive is addressed, no relief is requested and Mann neither intended to nor did "successfully frustrate" anyone.

**B.**     **Issue**:  **Mann's Delay In Producing Her Privilege Log**

    **1.**     **MediaNet's Contention**: **Mann Has Waived Her Claim of Privilege By Failing to Produce Her One-Entry Privilege Log Until More Than Three Months After Her Document Production Was Due**

Despite repeated assurances that Mann would be producing her privilege log, Mann did not produce that log until August 7th – more than three months after April 24th, when her responsive documents were originally due under Fed. R. Civ. P. Rule 34.  Roman Decl., ¶ 40.c.  Her delay in producing her log is unjustifiable in view of the fact that it contains just one entry:  a two-day email chain of unknown length, dated January 28-29, 2013, between Mann's copyright administrator, Ms. Soriano (an attorney at King, Holmes, Paterno & Berliner LLP), four paralegals (also from the King firm) and Michael Hausman (Mann's business manager) that is described as containing "legal advice regarding [the] new MediaNet licensing service."  Roman Decl., ¶ 40.c.  MediaNet respectfully submits that Mann's delay

Arent Fox LLP
Attorneys At Law
New York

14

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

in producing this single-entry log is completely unjustified, is another example of the sort of gamesmanship that Mann has engaged in throughout discovery in this action, and should be deemed a waiver of privilege.

While there is no *per se* rule in this Circuit that production of a privilege log after the thirty-day time limit for production imposed by Rule 34 results in an automatic waiver of privilege, late production of a log will be deemed a waiver under certain circumstances.  A case-by-case determination is made using the following factors:

(1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient);

(2) the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days is typically deemed sufficient);

(3) the magnitude of the document production; and

(4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard.

See *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F. 3d 1142, 1149 (9th Cir. 2005).

An analysis of these factors in the circumstances of this case weighs strongly in favor of a finding of waiver.  As to the first factor, there is not enough information in either Mann's written objections or Mann's privilege log to enable the parties or the Court to evaluate Mann's assertion of privilege over the January 2013 email chain.  Mann's written objections used the following generalized, boilerplate language:

> Responding Party further objects to this Request to the extent that it
> seeks inspection and copying of documents that are protected from

Arent Fox LLP
Attorneys At Law
New York

15

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1
2
> discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure.

3  *See, e.g.,* Roman Decl., Exh. D at p. 6 and *et seq.*

4     This generalized privilege objection does not identify what documents are being

5  withheld or even what privilege Mann is asserting (*e.g.*, attorney-client or work

6  product immunity), much less what the basis for her assertion was.  *See Burlington*,

7  408 F.3d at 1149 (holding that "boilerplate objections or blanket refusals inserted

8  into a response to a Rule 34 request for production of documents are insufficient to

9  assert a privilege.").

10     Mann's untimely privilege log does not shed much additional light on the basis

11  for her assertion of privilege.  The log entry purports that a two-day email chain of

12  unknown length between Mann's copyright administrator and her business manager

13  contained "legal advice regarding [the] new MediaNet licensing service."  Roman

14  Decl., ¶ 40.c.  The entry, however, raises more questions than it answers.  First,

15  MediaNet has never provided a licensing service to songwriters, so the entry on its

16  face is nonsensical.  *Id.*  In addition, Mann's improper logging of multiple emails in

17  one omnibus entry also makes it impossible to determine the identity of the actual

18  author of each email.  *Id.*, Exh. M.  Notably, out of the several people identified in

19  the log entry, only one, Ms. Soriano, is an attorney.  *Id*.  It is impossible to tell from

20  the log who was allegedly giving advice or to whom the advice was given for each

21  email in the chain (notably, Mann is not listed as having sent or received any email

22  in the chain).  *Id.*, Exh. M.

23     Finally, the capacity in which Ms. Soriano (again, the only lawyer listed in the

24  log entry) provided the alleged "advice" is entirely unclear.  *Id.*  The mere fact that

25  Ms. Soriano, an outside attorney, was one of five participants on an email chain

26  does not automatically render that communication privileged.  *Koumoulis v.*

27  *Independent Financial Marketing Group., Inc.*, 295 F.R.D. 28, 38 (S.D.N.Y. 2013)

28  (noting that although outside counsel may be more "independent" than in-house

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

16

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

counsel, "there is nevertheless no presumption that communications with outside counsel are privileged."). Courts have repeatedly held that where an attorney (whether in-house or outside counsel) serves a client in both a legal and business capacity (a Ms. Soriano, who serves as Mann's copyright administrator, clearly does) the nature of the attorney's communications with the client must be carefully scrutinized before finding that such communications are privileged. *See TVT Records, Inc. v. Island Def Jam Music Group*, No. 02-6644, 2003 WL 749801, at *1-2 (S.D.N.Y. March 5, 2003) (citing *Notes Funding Corp. v. Bobian Investment Co.*, No. 93 Civ. 7427, 1995 WL 662402, at *3 (S.D.N.Y. Nov. 9, 1995)) (noting that just as with in-house counsel who play the dual role of business advisor and legal counsel, where outside counsel serves as both business representative and attorney to his or her client, the communications made while performing the business function, such as negotiating a contract, are not a source of privilege). The boilerplate, conclusory language that is used in Mann's log to describe the basis for privilege is insufficient to answer any of these questions.

The second factor – the timeliness of the privilege assertion and accompanying information – also weighs in favor of a finding of waiver. Although Mann served her written objections by the deadline the parties agreed on, her boilerplate written objections were far too generalized and non-specific to be a proper assertion of privilege (*see* discussion of the first *Burlington* factor, *supra*). As for her privilege log, as was previously explained, she did not serve her log – which contained only a single entry – until more than three months after the deadline for her discovery responses. Roman Decl., ¶ 40.c. Moreover, her untimely log, as discussed, *supra*, does not contain information specific enough for a proper assertion of privilege. As such, Mann failed to timely serve proper privilege objections within the agreed-on deadline for responding, which weighs in favor of waiver under the second *Burlington* factor.

The third *Burlington* factor – magnitude of production – also weighs in favor of

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

17

CASE NO. CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1  a finding of waiver.  Mann has produced only 315 responsive documents, which is
2  a small number by any measure.  Roman Decl., ¶¶ 38 and 41.  Many (if not most)
3  of Mann's production consists of printouts from the Copyright Office's website and
4  certificates of registration relating to the Compositions-at-Issue, none of which
5  implicate any privilege whatsoever.  *Id.*

6      As for the fourth factor, there is nothing in the circumstances of this case that
7  would make responding to MediaNet's discovery requests unusually difficult.  The
8  documents requested are directed to such things as copyright chain of title,
9  mechanical license royalties, Mann's bank account information, and Mann's
10  communications with MediaNet.  The most voluminous of these categories, the
11  chain of title documents, would not on their face contain any privileged or attorney
12  work product information.  All the rest of the requested information would be
13  reasonably expected to be readily available from Mann's own records or from those
14  stored by her business managers, representatives or administrators.  Particularly
15  given that the issues in this case are limited to copyright infringement of a well-
16  defined list of compositions that Mann herself selected prior to the start of the
17  litigation, her response to discovery in this case should have been comparatively
18  easy.

19      Moreover, Mann's delay in preparing and producing a privilege log could not
20  have been due to any inherent difficulty in generating the log.  The log consisted of
21  <u>one</u> entry.  There is no reason that a log as short as the one Mann produced could
22  not have been completed much earlier than it was.  Mann's over three-month delay
23  in producing that log is simply inexcusable, and is yet another example of the delay
24  tactics that Mann has cynically pursued throughout the course of discovery in this
25  action.

26      For these reasons, MediaNet submits that Mann's delayed production of her
27  privilege log meets the four-part test set forth in the *Burlington* decision, and
28  respectfully requests that Mann's privilege assertions therein be waived and that she

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

18

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1  be compelled to produce any responsive documents she is currently withholding on

2  grounds of privilege and/or attorney work product immunity.

3      **2.**     **Mann's Contention:**

4      MediaNet is completely disingenuous regarding the privilege log.  First, the

5  parties agreed that no responsive documents needed to be logged that were withheld

6  on grounds of privilege that (i) were created after the filing of the lawsuit, or (ii)

7  contain communications between a party and that party's litigation counsel in this

8  case that concern pre-filing investigation, litigation advice and strategy, or that

9  otherwise directly pertain to counsel's representation of that party in this litigation.

10      Second, MediaNet fails to note that an extensive privilege log was prepared

11  and served by Mann's transactional attorneys, Manatt, Phelps & Phillips, LLP on

12  June 10, 2014.

13      Third, the timing of identification of a single additional email chain in the log

14  served on August 7, 2014 was consistent with the ongoing discussions between

15  counsel:

16      Eric, further to our telephone conversation, attached is the privilege log of
17      documents withheld from the documents we agreed to produce in our
      responses.  There is only a single new entry beyond what Manatt logged.  If
18      we agree to or are ordered to produce other categories of documents, we will
      log any additional documents withheld from the supplemental productions
19      based on privilege.

20  (Email exchange between Gradstein and Roman of August 7, 2014.)  Roman

21  thanked Mann's counsel and inquired about the identity of certain recipients:

22  'Thank you.  With respect to the log, who are Harold Papineau, Matt Bridges and

23  Dan Jensen?" *Id.*  Mann's counsel immediately replied that they were paralegals at

24  the law firm. *Id.*

25      Roman did not ask for any further clarification of the description.  Had he

26  done so, Mann would have identified the underlying communication from

27  MediaNet that seems to mystify MediaNet's counsel, as the January 28, 2013 email

28  was from Sara Limebrook in the "Rights Management" department of MediaNet,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

19

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1  who was "helping MediaNet set up a new Rights management and Licensing

2  platform."  The email was sent to Mann's attorney, Laurie Soriano, concerning her

3  publisher clients, not just Mann. There is no prejudice here, this internal

4  communication among lawyers, paralegals and Mann's representative concerning

5  Limebrook's email are privileged and the privilege has not been waived under

6  *Burlington.*

7  **C.    Issue: Objections On Grounds of Confidentiality or Privacy**

8          **1.    MediaNet's Contention:  Mann's Objections to Producing
9                  Confidential or "Private" Materials Should Be Overruled In View
                   of the Stipulated Protective Order In Effect In This Action**
10

11     In paragraph 2 of Mann's General Objections to MediaNet's RFPs and

12  Interrogatories, Mann objects to producing documents that contain "confidential" or

13  "private" information.  More particularly, she states:

14          [Mann] objects to the Requests in their entirety, and to each of the
15          individual Requests, to the extent that they seek documents that are
            protected from disclosure or discovery by virtue of [Mann's] right
16          to   non-disclosure   of   confidential   information,   proprietary
            information, trade secrets or other information under contract, case
17          law, statute, regulation, or information in which individuals,
18          including non-parties, have an expectation, obligation, or right of
            privacy.
19

20  Roman Decl., Exh D at pp. 3-4, ¶ 2.

21     Mann asserts a similar "confidentiality/privacy" objection in her general

22  objections to MediaNet's interrogatories, in which she objects:

23          to the extent that [the interrogatories as a whole, and in particular
24          Interrogatories  8  and  9]  call  for  confidential  information,
            proprietary information, trade secrets or other information under
25          contract, case law, statute, regulation, or information in which
26          individuals, including non-parties, have an expectation, obligation,
            or right of privacy.
27

28  Roman Decl., Exh E [Mann's Responses to MediaNet's Interrogatories] at p. 4, ¶ 2,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

20

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1    and pp. 13-14.

2        During the parties' telephonic meet and confers, counsel for Mann confirmed

3    that Mann was withholding responsive documents, including but not limited to

4    Mann's banking and financial records, on grounds of "confidentiality/privacy."

5        Mann's "confidentiality/privacy" objection, however, is inappropriate in view of

6    the Court's May 9, 2014, entry of the parties' stipulated discovery protective order.

7    *See* Roman Decl., Exh. N.  While Mann "does have an interest in nondisclosure and

8    confidentiality of its financial records, this interest can be adequately protected by a

9    protective order."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal.

10   1998).  *See also Negotiated Data Solutions LLC v. Dell, Inc.*, No. C09-80012MISC,

11   2009 WL 733876, at *3 (N.D. Cal. 2009) (granting plaintiff's motion to compel

12   production of sensitive document where there was a protective order in place in the

13   underlying action, and emphasizing that "[r]eluctance to produce sensitive

14   information […] is in itself an insufficient basis on which to deny discovery of that

15   information under appropriate protection from divulgement to competitors"

16   (internal citation omitted)); *Allen v. Similasan Corp.*, No. 12-376, 2014 WL

17   1806927, at * 5 (S.D. Cal. 2014) (granting defendant's motion to compel

18   production of relevant, non-privileged health information, and explaining that

19   confidential information contained in plaintiffs' medical records will be protected

20   by the protective order already in place).

21       Under the terms of the stipulated order, responsive confidential or "private"

22   materials that the parties designate as "Confidential" are protected from disclosure,

23   and may not (without the producing party's written permission) be filed by either

24   party in the public record unless filed under seal pursuant to a Court order.  *Id.*,

25   Exh. N at ¶¶ 4 and 8.4.  These protections apply to both parties and to non-parties.

26   *Id.*, Exh. N at ¶ 6.  The entire purpose behind the protective order – which, again,

27   was stipulated to by the parties – is to streamline the process of producing

28   discoverable confidential materials and to reduce, if not eliminate the need, for a

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

21

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

case-by-case determination of whether a party's confidential or "private" information need be produced.

Moreover, there is no recognized "privacy" privilege under Federal common law that automatically shields financial records from discovery in civil litigation. And even assuming that California's state constitution "creates 'a right to privacy in financial records, such state privilege[ ] do[es] not preclude discovery' of bank records 'in a federal court suit.'" *Del Campo v. Am. Corrective Counseling Servs., Inc.,* C 01-21151, 2008 WL 4858502, at *4 (N.D. Cal. Nov. 10, 2008) (quoting *In re Yassi,* 225 B.R. 478, 483 (Bankr.C.D.Cal.1998) and citing *CEH, Inc., v. FV "Seafarer",* 153 F.R.D. 491, 499 (D.R.I. 1994) ("While a party does have an interest in nondisclosure [sic] and confidentiality in its financial records, this interest can be adequately protected by a protective order.")).

For these reasons, MediaNet respectfully requests that Mann's objection to producing materials on grounds of confidentiality/privacy be overruled, and that Mann be ordered to produce any responsive, non-privileged documents that she is withholding under the terms of the Stipulated Protective Order.

## 2.     **Mann's Contention:**

This section by MediaNet ignores the specifics that are essential to understanding the issue.  MediaNet is requesting every license, every communication concerning licensing or possible negotiation of a license, every royalty statement, every check, every bank account record and all other documents "concerning" every dollar earned by Mann since 2008 (previously 1988) as a songwriter.  These requests are the definition of overbroad, burdensome, oppressive and harassing requests, they are not reasonably calculated to lead to the discovery of admissible evidence and they are a violation of Mann's constitutional right of privacy under Article 1 of the California Constitution.

Requested discovery must be relevant, and it must not impose an undue burden under the tests described in Rule 26(b)(2)(C).  There is no conceivable basis

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

22

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

for requesting Mann's financial history as a songwriter, including all of her banking records going back to 2008, except to cause her undue burden, and there is no relevance at all to statutory damages.  Even where requested discovery is relevant, the Court may limit it if the Court finds either that:  (1) the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(C) (iii).

Under the 1976 Copyright Act, Mann may elect to recover either actual or statutory damages, and counsel for Mann has notified MediaNet that Mann has elected to recover statutory damages.  *See* 17 U.S.C. § 504(c)(1).  If statutory damages are elected, "the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).  In measuring the damages, "the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum].  Within these limitations the court's discretion and sense of justice are controlling. . . .'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (*quoting F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232, 97 L. Ed. 276, 73 S. Ct. 222 (1952)).

In *Pausa Records*, the defendant argued that "statutory damage provisions should not be converted into a windfall where, as a practical matter, the plaintiff has suffered only nominal damages." *Id.* at 1336-37.  The court, however, rejected defendant's argument:  "It is clear, however, that a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" *Id.* at 1337 (*quoting Harris,*

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

23

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

734 F.2d at 1335).  "The Supreme Court has stated that 'even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy' of discouraging infringement."  *Id.* (*quoting Woolworth Co.*, 344 U.S. at 233)

Since Mann has elected to recover statutory damages under Section 504(c), none of Defendant's arguments as to relevance hold water and they do not outweigh Mann's right to financial privacy.

The California Constitution, Article 1, section 1, gives each citizen an "inalienable right" to pursue and obtain "privacy."  When private financial information of is sought, the Court must weigh the competing privacy and relevance interests.  *Hecht, Solberg, Robinson, Goldberg & Bagley v. Sup.Ct. (Panther)* 137 Cal. App. 4th 579, 595 (2006); *see also Valley Bank of Nevada v. Superior Court* 15 Cal. 3d 652, 658 (1975) (banking records).

"Federal courts generally recognize a privacy right that can be raised in response to discovery requests."  *Allen v. Similasan Corp.,* 2014 US Dist. LEXIS 63303, at *7 (S.D. Cal. May 6, 2014) (*quoting Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992)); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 U.S. Dist. LEXIS 93298, at *9 (N.D. Cal. Nov. 10, 2008) ("[F]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1198, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006) ("[A] litigant may invoke the constitutional right to privacy as justification for refusing to answer questions that unreasonably intrude on that right.").

"In appropriate circumstances, this right must be balanced against other important interests.  On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial.  Thus, courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.  *Allen,* 2014 US Dist. LEXIS 63303, at *8 (*quoting John B. v. Superior*

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

24

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

*Court*, 38 Cal. 4th at 1198-99). "'[W]hen the constitutional right of privacy is involved, the party seeking discovery of [a] private matter must do more than satisfy' the relevance standard." *Id. (quoting Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853, 34 Cal. Rptr. 2d 358 (1994)). "*The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance*." *Id. (citing Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1017, 9 Cal. Rptr. 2d 331 (1992) (emphasis added)). "The California Supreme Court has described this as a 'heightened standard' requiring a closer fit between the requested discovery and the allegations in the complaint." *Id. (citing John B. v. Superior Court*, 38 Cal. 4th at 1200).

The requests were overbroad and unlimited in scope under any circumstances, but the absence of relevance to statutory damages, let alone direct relevance, means that Mann's right of privacy outweighs any conceivable relevance. MediaNet is attempting to go on a fishing expedition and examine irrelevant information. A protective order does not alter MediaNet's requirement to show *direct relevance* of Mann's private information that it seeks. *Del Campo*, 2008 U.S. Dist. LEXIS 93298, at *17 (Even where there was a protective order in place, "[d]isclosure of private information must be 'narrowly circumscribed' and 'permitted only to the extent necessary for a fair resolution of the lawsuit.'"). As further discussed below, MediaNet has utterly failed to demonstrate the *direct relevance* of third party licenses, royalties and Mann's personal bank records since 2008 to statutory damages and MediaNet's requests should be denied.

## D. Mann's Repeated Objection to the Use of the Term "Concerning" In MediaNet's RFPs

### 1. <u>MediaNet's Contention</u>: Mann's Objection to the Term "Concerning" Is Specious and Should Be Withdrawn

In RFPs Nos. 3, 8, 11, 12, 13, 14, 15, 16, 37, 38, 39, 40, 42, and 43, MediaNet begins its RFPs relating to various categories of documents with the phrase "All

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

25

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

documents concerning . . ."  In RFPs Nos. 20, 21, 22, 25, 26, 28, 30, 31, 33, 34, and 35 use the phrase "[a]ll communications  . . . concerning . . ." when defining the subject matter of the request.  Mann makes the following objection to the use of the term "concerning:"

> Responding Party further objects on the grounds that this Request is vague and ambiguous as to the term "concerning" as used in the context of this Request.

Roman Decl., Exh. D.  During the parties' May 23, 2014 meet and confer, Mann's counsel confirmed that Mann would be maintaining her objection to this term, despite the fact that Mann herself used the same term in her own document requests to MediaNet.  *See* Roman Decl., Exh. I at p. 2.

The term "concerning" is defined in MediaNet's RFPs and Interrogatories as meaning "relating to, referring to, describing, evidencing, tending to support or refute, or constituting."  Roman Decl., Exh. B at p. 3, ¶ 6.  MediaNet's definition of this term is taken verbatim from the Rule 26.3(c) of the Local Civil Rules of the U.S. District Court for the Southern District of New York, which sets forth various definitions that litigants are to apply to all discovery requests in cases in that District.  *See* S.D.N.Y. Local Civil Rule 26.3(c)(7).

Mann never specified in her written responses and objections what she found vague or ambiguous about the term "concerning."  During the parties' telephone conferences regarding this issue, Mann's counsel could not offer any suggestion as to what she understands that term to mean or why it is that Mann objects to the use of the term "concerning" as being vague or ambiguous when used in the above-referenced RFPs, but not in others, such as RFPs No. 1, 6, and 23.  Nor could Mann's counsel explain why Mann used the same purportedly vague term in her own document requests.  *See, e.g.,* Roman Decl., Exh. O, at pp. 3 and 7-11. Nonetheless, Mann refused to withdraw her non-specific, boilerplate objections.

Such boilerplate objections of vagueness or ambiguity have been repeatedly held

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

26

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

by Courts to be specious and improper.  *See, e.g., Taylor v. Los Angeles Police Dep't*, No. EDCV99–0383, 1999 WL 33101661, at *4 (C.D. Cal. Nov. 10, 1999). *See also Paulson v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Chubb Integrated Sys. Ltd. v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill [a party's] burden to explain its objections.").

For these reasons, MediaNet respectfully requests that the Court overrule Mann's objection that the term "concerning" is vague or ambiguous.

## 2. Mann's Contention:

This objection must be viewed in the actual context of the demands discussed below and what was agreed to be produced.

## E. RFP No. 4

### 1. MediaNet's Contention:  Mann Must Produce All Responsive Documents, Including All Copyright Registrations and Agreements With Third Parties, Establishing Complete Chain of Title to Each of the Compositions At Issue

RFP No. 4 requests:

Documents sufficient to evidence the complete chain of title for each of the Compositions at Issue, including without limitation any assignments, exclusive licenses, mortgages, or agreements with co-authors or co-owners.

Mann's written response was as follows:

Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Request to the extent that it seeks inspection and copying of documents that are protected from discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, or any other

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

27

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

applicable privilege or protection from disclosure. Responding Party further objects to this Request on the grounds that it is overly broad, vague and ambiguous as to time and subject matter and therefore harassive. Responding Party further objects to this Request to the extent that it seeks documents that are protected from disclosure or discovery by virtue of Responding Party's right to non-disclosure of confidential information, proprietary information, or other information under contract, case law, statute, regulation, or information in which individuals, including non-parties, have an expectation, obligation, or right of privacy. Responding Party further objects to this Request on the grounds that it is overly broad, vague and ambiguous as to time and subject matter and therefore harassive. Responding Party further objects to this Request to the extent that it calls for documents or information that are outside the scope of discovery, irrelevant to the parties' claims or defenses, outside the relevant time period for this action or not likely to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds and to the extent that it seeks documents that include "Confidential" documents or other material as those terms are defined and given effect in the parties' anticipated Protective Order. Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial. Plaintiff reserves the right to supplement this Response as discovery is continuing and Responding Party has not yet completed her investigation.

Without waiving and subject to her objections, ***Responding Party will produce the copyright registrations*** in her possession, custody or control that she understands to be responsive to this Request.

Roman Decl., Exh. D at pp. 9-10 (emphasis supplied).

### a.   *Mann's Written Objections To RFP No. 4 Are Specious and Should Be Overruled*

RFP No. 4 requests <u>all</u> documents sufficient to evidence complete chain of title for each of the Compositions at Issue.  Mann objected to this RFP on grounds of (i) relevance, (ii) privilege, (iii) overbreadth, (iv) vagueness and ambiguity, and (v) confidentiality.  None of these objections should be sustained.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

28

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1   There is no question that chain of title documents, not just copyright

2   registrations, are fundamentally relevant to the question of copyright infringement.

3   In order to meet her burden of establishing ownership of the copyrights in the

4   Compositions at Issue, Mann must rely on the documents requested in this RFP.

5   Just as importantly, in order for MediaNet to properly defend against Mann's

6   claims of infringement, it needs access to Mann's complete documentation

7   concerning chain of title, not just the copyright registrations, so that it may test

8   Mann's ownership claims.

9   Mann's objections to this RFP on grounds of attorney-client privilege or other

10   immunity, overbreadth, vagueness, ambiguity, and irrelevance are therefore

11   baseless.  As for Mann's objection on confidentiality grounds, that must be

12   overruled, as noted above, in view of the Court's May 9, 2014 entry of the parties'

13   stipulated protective order governing confidential discovery.  In short, all of Mann's

14   objections to this RFP are without merit and should be overruled.

15
16
### b.   *Mann Must Be Compelled to Produce All Certificates of Registration For the Compositions at Issue*

17   In response to this RFP, Mann has thus far produced an incomplete set of

18   copyright registration certificates.  Roman Decl., ¶ 40.b.  For a significant portion

19   of the Compositions at Issue, printouts of records from the Copyright Office's

20   publicly available website were produced instead of the requested certificates.  *Id*.

21   Although Mann's counsel represented that he has produced all certificates of

22   registration that Mann, her business manager, and her copyright administrator were

23   able to find in their records, there are still certificates of registration missing and

24   those must be produced.  *Id*.

25   Mann also argues that she has no obligation to obtain certificates of registration

26   that are not in her personal records or in the records of her agents.  Roman Decl., ¶

27   40.b.  Mann's argument is without merit.  Mann brought this action against

28   MediaNet, and has asserted that she owns the copyrights at issue.  Mann, therefore,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

29

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1   must prove ownership and as such has an obligation to produce that proof in

2   response to MediaNet's requests for it, regardless of whether the proof is stored in

3   her personal records or she has to obtain it from other sources.  It should not be

4   MediaNet's burden to search public records to obtain *prima facie* proof of

5   copyright ownership to support Mann's own claims of infringement.  It is

6   respectfully submitted that Mann should be compelled to produce all the missing

7   certificates, or be precluded from later entering such certificates into evidence at

8   trial.  *See Twentieth Century Fox Film Corp. v. Dastar Corp.,* No. 98–7189, 2000

9   WL 35503106, at *12 (C.D. Cal. Aug. 29, 2000) (holding that "defendants are

10  precluded from introducing evidence supporting their affirmative defenses that was

11  not produced in discovery.").

12
13
### c.      *Mann Must Be Compelled to Produce All Agreements That Relate To the Compositions at Issue*

14      RFP No. 4 goes beyond registrations and assignments, and also explicitly

15  requests production of "exclusive licenses, mortgages, or agreements with co-

16  authors or co-owners."  No such documents have been produced thus far.  At the

17  August 7th meet and confer between the parties, Mann's attorney confirmed that

18  Mann is withholding agreements relating to the Compositions at Issue based on his

19  objections.

20      The fact that such responsive agreements likely exist in Mann's records (or

21  those of her representatives or agents) was admitted by Mann's counsel at the meet

22  and confer.  Roman Decl., ¶ 40.f.  In any event, it is clear from the documents that

23  Mann has produced thus far that such responsive agreements do indeed exist.  For

24  example, "Schedule A" to the 2003 License Agreement between Mann and

25  MediaNet, as well as certain copyright registration documents relating to the

26  Compositions at Issue, state that a number of the Compositions at Issue were co-

27  written by songwriters other than Mann.  *Id.*, Exh. P at Schedule A.  Those co-

28  authored Compositions would typically be subject to co-author agreements, the

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

30

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

terms of which could be directly relevant to the question of whether those works were independently licensed to MediaNet by the co-authors and whether those co-authors would have shared resulting license payments with Mann.  A joint author has the legal right to license the entire work without the participation of other joint authors.  *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) (affirming that each co-owner of a copyrighted work "has an independent right to use or license the use of the copyright"); *Davis v. Blige*, 505 F.3d 90, 98 (2d Cir. 2007) (noting that "the authors of a joint work are co-owners of copyright in the work" and are to "be treated generally as tenants in common, with each co[-]owner having an independent right to use or license the use of a work, subject to a duty of accounting to the other co-owners for any profits.").  As such, co-author agreements are relevant, directly responsive to RFP No. 4, and must be produced.

In addition, a number of the Compositions at Issue have multiple and seemingly inconsistent copyright registrations associated with them that indicate that certain of those Compositions (or versions of them) may have been works made for hire in connection with motion pictures.  For example, the copyright registration certificates relating to "Driving Sideways," (Roman Decl., Exh. Q), "Build That Wall" (*id.*, Exh. R), and "Wise Up" (*id.*, Exh. S), all of which were produced by Mann in discovery, state on their face that they were works made for hire in connection with the soundtrack of the motion picture "Magnolia."  If any of these or any of the other Compositions at Issue were created as works for hire, then Mann does not own the copyright in those compositions.  *See, e.g., Warren v. Fox Family Worldwide, Inc.,* 171 F.  Supp. 2d 1057, 1071 (C.D. Cal. 2001) *aff'd,* 328 F.3d 1136 (9th Cir. 2003) (holding that creator of the compositions used in a television show had no standing to bring a copyright infringement claim, because "in the absence of an express grant of rights, as required by the plain language of the statute, the creator of a work for hire cannot assert a beneficial interest in the copyright protecting the work."); *Zyware, Inc. v. Middlegate, Inc.,* No. 96-2348, 1997 WL

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

31

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

685336, at *2 (S.D.N.Y. Nov. 4, 1997) (holding that work for hire agreement unambiguously transferred any copyright plaintiff may have had in the software at issue).

In short, as part of the chain of title documentation requested in RFP No. 4, MediaNet is also entitled to production of any agreements with motion picture companies or related entities, including any work for hire agreements that relate to any of the Compositions at Issue. Thus far Mann has failed to produce any of these agreements.

Mann takes the position that she need only produce copyright registrations for the Compositions at Issue because under certain circumstances, a copyright registration provides *prima facie* evidence of copyright ownership. *See* 17 U.S.C.A. § 410 ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate."). It is well established, however, that this evidentiary presumption is rebuttable. *See Warren,* 171 F. Supp. 2d at 1066 (noting that while a copyright registration creates a rebuttable presumption of ownership of a work, that presumption "may be rebutted by appropriate evidence."). MediaNet is unquestionably entitled to documents necessary to test Mann's ownership claims. Mann's novel position would effectively render the statutory presumption irrebuttable, contrary to precedent. As was previously explained, certain of the copyright registration certificates that Mann produced, like those for "Driving Sideways," (Roman Decl., Exh. Q) and "Build That Wall" (*id.*, Exh. R), indicate that those works were made for hire. MediaNet is entitled to documents that will allow it to explore the "work for hire" issue, and thereby test Mann's assertions of copyright ownership in such works.

For the above-stated reasons, MediaNet respectfully requests an order compelling Mann to respond fully and completely to RFP No. 4, *i.e.*, that Mann

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

32

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1   must produce all documents, including a complete set of certificates of copyright
2   registrations and any co-author agreements, "work for hire" agreements, or any
3   other agreement with a third party, that concerns ownership or rights in each of the
4   Compositions at Issue.

5       **2.   Mann's Contention:**

6       To prevail on a claim for copyright infringement, Mann must show (1)
7   ownership of ownership of a valid copyright, and (2) that MediaNet violated at least
8   one of her exclusive rights of copyright.  *Kelly v. Arriba Soft Corp.,* 336 F.3d 811,
9   817 (9th Cir. 2003); *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d
10  1150, 1156 (9th Cir. 1996); *Express, LLC v. Fetish Group, Inc.,* 424 F. Supp. 2d
11  1211, 1217 (C.D. Cal. 2006).

12      Copyright registration is *prima facie* evidence of ownership.  *Id*.; 17 U.S.C.
13  § 410 (c).  MediaNet knows that the copyrights are owned by Mann or it would not
14  have licensed them from her and distributed the recordings embodying those
15  Compositions as Mann compositions.  In any event, Mann has produced
16  "Documents sufficient to evidence the complete chain of title for each of the
17  Compositions at Issue," because the registrations in her name are sufficient as a
18  matter of law.  Defendant argues that "subsequent to the registration there could
19  have been assignments or transfers of ownership that would be reflected in other
20  documentation."  As counsel for Mann informed counsel for MediaNet, *there are*
21  *no such documents.*

22      Moreover, MediaNet fundamentally misconceives the significance of
23  registration.  The significance of the registration date is twofold.  First, in order to
24  obtain statutory damages, registration must occur before the infringing act occurs.
25  "Title *17 U.S.C. § 412(2)* leaves no room for discretion, however. *Section 412(2)*
26  mandates that, in order to recover statutory damages, the copyrighted work must
27  have been registered prior to commencement of the infringement, unless the
28  registration is made within three months after first publication of the work." *Derek*

Arent Fox LLP
Attorneys At Law
New York

33

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1   *Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008).  All

2   MediaNet needs to do is look at the dates of the registrations on the registrations

3   and schedules Mann has produced and compare them to the dates it distributed

4   those compositions after the Term.

5          Second, the date of registration creates a fixed and absolute three year bar to

6   any competing claims of ownership that must be filed within three years of the date

7   of registration since registration is an act of repudiation of ownership by any others.

8   *Welles v. Turner Entm't Co.*, 503 F.3d 728 (9th Cir. 2007); *see also Seven Arts*

9   *Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir.

10  2013) (claims of co-ownership accrue only once, "when plain and express

11  repudiation of co-ownership is communicated to the claimant, and are barred three

12  years from the time of repudiation.").  Ownership of the compositions is as stated in

13  the copyright registrations, the schedule of compositions attached to the License

14  with MediaNet and the current schedules produced by Mann for the compositions

15  by title, publisher, copyright registration number, date of registration and date of

16  release.  Co-publishing agreements with co-writers in Mann's possession, custody

17  or control, have also been produced.

18  **F.    There have been no claims of competing ownership by third parties with**

19         **the registered copyright owners, filed or otherwise, and there are no**

20         **such documents to produce in Mann's possession, custody or control.**

21         **RFP No. 9**

22         **1.    MediaNet's Contention:  Mann Should Be Compelled to Produce**
           **All Deposit Copies Submitted to the U.S. Copyright Office In**
23         **Connection With the Registration of Each of the Compositions at**
24         **Issue**

25  RFP No. 9 requests:

26         All deposit copies submitted to the U.S. Copyright Office in
27         connection with any copyright registration or any attempt to register
           or renew copyright for each of the Compositions at Issue.
28

Arent Fox LLP
Attorneys At Law
New York

34

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Mann's written response to RFP No. 9 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Request to the extent that it calls for documents or materials that are not within her possession, custody or control; or documents or materials that are publicly available or equally available to Defendant; documents or materials that could be derived or ascertained by the Defendant with substantially the same effort that would be required of the Responding Party or from sources that are more convenient, less burdensome, less expensive, or more readily available to Defendant than to the Responding Party.  Responding Party further objects to this Request to the extent that it calls for documents or information that are outside the scope of discovery, irrelevant to the parties' claims or defenses, outside the relevant time period for this action or not likely to lead to the discovery of admissible evidence. Plaintiff reserves the right to supplement this Response as discovery is continuing and Responding Party has not yet completed her investigation.

> Without waiving and subject to her objections, Responding Party will produce those non-privileged documents in her possession, custody or control that she understands to be responsive to this Request.

Roman Decl., Exh. D at pp. 14-15.

RFP No. 9 requests production of the deposit copies that Mann submitted to the Copyright Office when she registered the Compositions at Issue.  Mann's counsel agreed at the parties' telephonic meet and confer to "look into" whether Mann will produce the requested deposit copies.  Roman Decl., *Id.*, ¶ 40.i.  On August 14th, Mann's counsel emailed MediaNet's counsel to state that Mann would be producing certain deposit copies in which it was sheet music that was deposited.  *Id.*   Mann's counsel, however, has not agreed to produce any other deposit copies, and did not withdraw Mann's objections to this RFP.  *Id.*

Mann objected to producing any of the requested deposit copies on grounds of (i) relevance, and (ii) "equal availability."  At the parties' meet and confer, Mann's

1    counsel agreed to withdraw Mann's "equal availability" objections, which was, in

2    any event, an improper objection.  *See, e.g., First Nat'l Acad. of Recording Arts &*

3    *Sciences, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009)

4    (holding the responding party's "equally available" objections to be inappropriate as

5    "courts have unambiguously stated that this exact objection is insufficient to resist a

6    discovery request") (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198

7    F.R.D. 508, 514 (N.D. Iowa 2000)).

8        As for her relevance objection, the deposit copies for the Compositions at Issue

9    are unquestionably relevant.  Some of the Compositions at Issue have multiple

10   registrations associated with them, indicating that there are multiple recorded

11   versions of the songs.  At least some of the Compositions at Issue may have been

12   works for hire according to the information on some of the certificates of

13   registration that Mann produced,[4] and for at least this reason it is necessary to be

14   able to distinguish between different versions.  In any case, Mann is claiming rights

15   to multiple versions of the Compositions at Issue, and as such MediaNet has a right

16   to inspect the deposit copies to determine which version of the composition it may

17   have offered on its systems.

18       Moreover, the deposit copies are necessary because the title of a musical

19   composition alone is not necessarily sufficient to identify the composition covered

20   by the registration.  Different songs often share the same title, and different versions

21   or arrangements of a song may be covered by different registrations.  The deposit

22   copy of any registered work is therefore necessary to determine the scope of the

23   registration.

24       MediaNet respectfully requests that the Court compel Mann to produce all

25   deposit copies – not just sheet music copies – that she submitted in connection with

26   the registration of each of the Compositions at Issue, as requested in RFP No. 9.

27   _____

28   [4] *See* Section 2.E., *supra.*

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

36

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

**2.    Mann's Contention:**

The deposit copies were sent to the Copyright Office. Mann has produced all copies of deposit copies in Mann's possession, custody or control.  Generally, copies of deposit copies (typically CDs which can be commercially purchased and in limited instances sheet music) were not maintained.

**G.    RFP No. 10**

**1.    MediaNet's Contention:  Mann Should Be Compelled to Produce All Communications Between Mann and the U.S. Copyright Office In Connection With the Registration of Each of the Compositions at Issue**

RFP No. 10 requests:

> All communications between Plaintiff and the U.S. Copyright Office concerning the Compositions at Issue.

Mann's written response to RFP No. 10 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects on the grounds that this Request is vague and ambiguous as to the term "concerning" as used in the context of this Request.  Responding Party further objects to this Request to the extent that it calls for documents or information that are outside the scope of discovery, irrelevant to the parties' claims or defenses, outside the relevant time period for this action or not likely to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks inspection and copying of documents that are protected from discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure. Responding Party further objects to this Request to the extent that it calls for documents or information that are outside the scope of discovery, irrelevant to the parties' claims or defenses, outside the relevant time period for this action or not likely to lead to the discovery of admissible evidence.  Responding Party further objects to this Request on the grounds and to the extent that it seeks documents that include "Confidential" documents or other material as those terms are defined and given effect in the parties' anticipated Protective Order. Responding Party further objects to this Request on the grounds that it is overly broad,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

37

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1
2
3
4
5
6

vague and ambiguous as to time and subject matter and therefore harassive. Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial. Plaintiff reserves the right to supplement this Response as discovery is continuing and Responding Party has not yet completed her investigation. Without waiving and subject to her objections, Responding Party will produce those non-privileged documents in her possession, custody or control that she understands to be responsive to this Request.

7   Roman Decl., Exh. D at pp. 15-16.

8       RFP No. 10 requests all communications between Mann and the Copyright

9   Office. Mann objects to producing documents responsive to this request on

10  grounds of (i) relevance, (ii) privilege, (iii) confidentiality, and (iv) overbreadth. At

11  the parties' telephonic meet and confer on this issue, Mann's counsel confirmed

12  that she would not be producing any documents responsive to this RFP and was

13  standing on her objections. *Id.*, ¶ 40.j.

14      Mann's objections with respect to privilege, confidentiality and overbreadth are

15  specious and should be ignored entirely. Mann's communications with the

16  Copyright Office cannot be privileged. To the extent those communications

17  contain confidential information (and it is difficult to understand how they could),

18  such information would receive adequate protection in discovery under the Court's

19  stipulated discovery protective order. In addition, this RFP is restricted to only

20  those communications between Mann and the Copyright Office that related to the

21  Compositions at Issue, and so there is no issue with respect to "overbreadth."

22      As for Mann's relevance objection, that too is meritless. Copyright Office

23  correspondence is typically generated when the Copyright Office raises questions

24  or problems with an applicant's claim of copyright ownership. Such

25  correspondence is relevant to, among other things, the question of the scope of the

26  copyrights at issue and chain of title to those copyrights, and therefore MediaNet is

27  entitled to it. Nor is there any question that such documents exist. The very

28  certificates of copyright registration that Mann produced in discovery indicate that

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

38

CASE NO. CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

there was correspondence between Mann and the Copyright Office with respect to at least some of the Compositions at Issue (*e.g.,* the certificate of registration for "Brother's Keeper").  *See* Roman Decl., Exh. T at Mann000020.

For these reasons, MediaNet respectfully requests an order compelling Mann to produce all her correspondence with the Copyright Office as requested in RFP No. 10.

### 2. **Mann's Contention:**

Mann has produced all registrations and communications between Mann and the U.S. Copyright Office that are currently in Mann's possession, custody or control concerning the compositions.

### H. **RFPs Nos. 13, 16, 19, 20, and 39**

#### 1. **MediaNet's Contention:  Mann Should Be Compelled to Produce Documents and Communications Concerning Mechanical Licensing of the Compositions at Issue By Third Parties Going Back Five Years Prior to the Filing of the Complaint**

RFP No. 13 requests:

> All documents concerning any agreement or contract, including without limitation any license agreement, between You and any third party relating to any of the Compositions at Issue.

RFP No. 16 requests:

> All documents concerning any third party's compulsory licensing of any of the Compositions at Issue pursuant to Section 115 of the Copyright Act, including without limitation all NOIs and statements of account received by Plaintiff.

RFP No. 19 requests:

> All communications between Plaintiff and any third party, including without limitation MRI and HFA, concerning direct licensing of any of the Compositions at Issue.

RFP No. 20 requests:

> All communications between Plaintiff and any third party,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

39

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

including without limitation MRI and HFA, concerning compulsory licensing of any of the Compositions at Issue.

RFP No. 39 requests:

All documents concerning payments made by, or on behalf of, any person other than MediaNet for mechanical licenses for any of the Compositions at Issue, including without limitation all statements of account, bank records, and correspondence concerning such payments.

Mann's written response to RFP No. 16 was as follows:

Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects on the grounds that this Request is vague and ambiguous as to the term "concerning" as used in the context of this Request. Responding Party further objects to this Request to the extent that it calls for documents or information that are outside the scope of discovery, irrelevant to the parties' claims or defenses, outside the relevant time period for this action or not likely to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it is overly broad, vague and ambiguous as to time and subject matter and therefore unduly burdensome and oppressive. Responding Party further objects to this Request to the extent that it seeks inspection and copying of documents that are protected from discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure. Responding Party further objects to this Request on the grounds and to the extent that it seeks documents that include "Confidential" documents or other material as those terms are defined and given effect in the parties' anticipated Protective Order. Plaintiff reserves the right to supplement this Response as discovery is continuing and Responding Party has not yet completed her investigation.

Mann's written response to RFPs Nos. 13, 19 and 20 was identical, with the addition of the following objection:

Responding Party further objects to this Request to the extent that it seeks documents that are protected from disclosure or discovery by virtue of Responding Party's right to non-disclosure of confidential information, proprietary information, or other information under

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

40

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

contract, case law, statute, regulation, or information in which individuals, including non-parties, have an expectation, obligation, or right of privacy.

Roman Decl., Exh. D at pp. 18-19, 22, and 25-27, and 47-49.

RFPs 13, 16, 19, 20 and 39 are generally directed to documents and communications concerning compulsory and direct licensing of the Compositions at Issue by third parties. In the interest of resolving the parties' dispute over this RFP, MediaNet narrowed its scope to documents relating to mechanical licenses (the exact type of license at issue in this case) of the Compositions at Issue going back five years prior to the filing of the Complaint (*i.e.*, July 22, 2008). Roman Decl., ¶ 40.l. Mann still refused to produce any documents in response to these RFPs, and her attorney confirmed that she would be standing on her written objections. *Id.* Those objections, however, are without merit and cannot prevent discovery of the requested materials.

Her objection based on "confidentiality" – whether that of Mann's information or that of third parties – is moot in light of Court's entry of the stipulated protective order in this action and therefore should be overruled for the same reasons set forth in Section 2.E., *supra*.

As for her boilerplate objection that these RFPs are "overly broad, vague and ambiguous as to time and subject matter," the objection is improper because it is too generalized and not sufficiently specific to allow MediaNet or the Court to ascertain what was objectionable about this discovery request. *See* cases cited in Section II.D, *supra*. In any event, the RFP as modified is specific as to the relevant time frame of these RFPs (*e.g.*, going back five years prior to the filing of the Complaint) and subject matter requested (*e.g.*, licensing and royalty information).

Mann's objection based on privilege or immunity cannot prevent discovery of all of the documents requested. Certainly the agreements themselves, communications with third parties, and evidence of royalty payments cannot

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

41

CASE NO. CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

possibly be privileged.  In any event, to the extent there are any non-privileged responsive documents in Mann's possession, custody or control, such documents should be produced.

Mann also objects that these RFPs seek irrelevant information.  However, information concerning Mann's mechanical license agreements with third parties covering the Compositions at Issue and royalty payments relating to those licenses are certainly relevant to, among other things, damages.  Third party licensing rates and revenues are relevant to establish the fair market value of the rights allegedly infringed, and therefore are relevant to any damages available in this case.

During the parties' meet and confer, Mann's counsel represented that Mann is irrevocably electing statutory damages as her remedy in this case, and argues that this fact renders the materials sought by this RFP irrelevant.  That is simply not the case.  Even if only statutory damages are at issue, information that would be relevant to fair market value, lost revenue or lost profit is relevant as a guideline for determining what the appropriate amount of statutory damages should be, because statutory damages are not intended to be a windfall for a copyright holder.  *See, e.g., Warner Bros. Home Entm't, Inc. v. Slaughter,* No. 13-0892, 2013 WL 5890682, at *4 (C.D. Cal. Oct. 30, 2013) (noting that actual damages serve as the baseline measure for statutory damages in copyright as "although statutory damages are intended to serve as a deterrent against copyright infringement, such damages should not 'justify such a windfall' for the plaintiff.") (citing and quoting *Microsoft Corporation v. Ricketts,* No. 06-06712, 2007 WL 1520965, at *4 (N.D. Cal. 2007)).

In addition, Mann's third party licensing activities are independently relevant to MediaNet's implied license and various other defenses, to the extent they demonstrate that Mann's works were widely licensed and generally available for license.  *See, e.g., Field v. Google Inc.,* 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006) (holding that an implied license can be found where the copyright holder engages in conduct "from which [the] other [party] may properly infer that the owner consents

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

42

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

to his use.'").

For these reasons, MediaNet respectfully requests that the Court order Mann to produce non-privileged documents responsive to RFPs 13, 16, 19, 20, and 39.

## 2.    Mann's Contention:

"Mechanical royalties" means monies paid to license each and every one of Mann's compositions.  MediaNet is requesting every license, every communication concerning licensing or possible negotiation of a license, every royalty statement, every check, every bank account record and all other documents "concerning" every dollar ever earned by Mann since 2008 as a songwriter.  These requests are the definition of overbroad, burdensome, oppressive and harassing requests, they are not reasonably calculated to lead to the discovery of admissible evidence and they are a violation of Mann's constitutional right of privacy under Article 1 of the California Constitution.

Requested discovery must be relevant, and it must not impose an undue burden under the tests described in Rule 26(b)(2)(C).  There is no conceivable basis for requesting Mann's financial history as a songwriter, including all of her banking records going back to 2008, except to cause her undue burden, and there is no relevance at all to statutory damages.  Even where requested discovery is relevant, the Court may limit it if the Court finds either that:  (1) the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Rule 26(b)(2)(C) (iii).

Mann elects to recover statutory damages, not compensatory damages or lost profits.  Under the 1976 Copyright Act, Mann may elect to recover either actual or statutory damages, and counsel for Mann has notified MediaNet that Mann has elected to recover statutory damages.  *See* 17 U.S.C. § 504(c)(1).  If statutory damages are elected, "the court has wide discretion in determining the amount of

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

43

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).  In measuring the damages, "the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum].  Within these limitations the court's discretion and sense of justice are controlling. . . .'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (*quoting F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232, 97 L. Ed. 276, 73 S. Ct. 222 (1952)).

In *Pausa Records*, the defendant argued that "statutory damage provisions should not be converted into a windfall where, as a practical matter, the plaintiff has suffered only nominal damages." *Id.* at 1336-37.  The court, however, rejected defendant's argument:  "It is clear, however, that a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" *Id.* at 1337 (*quoting Harris*, 734 F.2d at 1335).  "The Supreme Court has stated that 'even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy' of discouraging infringement." *Id.* (*quoting Woolworth Co.*, 344 U.S. at 233).[5]

Since Mann has elected to recover statutory damages under Section 504(c), none of Defendant's arguments as to relevance hold water and they do not outweigh Mann's right to financial privacy.  The California Constitution, Article 1, section 1, gives each citizen an "inalienable right" to pursue and obtain "privacy."  When

---

[5] MediaNet citation of *Warner Bros. Home Entm't v. Slaughter*, 2013 U.S. Dist. LEXIS 156597 (C.D. Cal. Oct. 30, 2013) is inapposite.  The plaintiff in *Slaughter* had moved for a default judgment, and in ruling on the default judgment, the court held that the plaintiff was "required to prove all damages sought in the complaint." *Id.* at *9.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

44

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

private financial information of is sought, the Court must weigh the competing privacy and relevance interests. *Hecht, Solberg, Robinson, Goldberg & Bagley v. Sup.Ct. (Panther)* 137 Cal. App. 4th 579, 595 (2006); *see also Valley Bank of Nevada v. Superior Court* 15 Cal. 3d 652, 658 (1975) (banking records).

"Federal courts generally recognize a privacy right that can be raised in response to discovery requests." *Allen v. Similasan Corp.,* 2014 US Dist. LEXIS 63303, at *7 (S.D. Cal. May 6, 2014) (*quoting Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992)); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 U.S. Dist. LEXIS 93298, at *9 (N.D. Cal. Nov. 10, 2008) ("[F]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1198, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006) ("[A] litigant may invoke the constitutional right to privacy as justification for refusing to answer questions that unreasonably intrude on that right.").

"In appropriate circumstances, this right must be balanced against other important interests. On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial. Thus, courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery. *Allen,* 2014 US Dist. LEXIS 63303, at *8 (*quoting John B. v. Superior Court*, 38 Cal. 4th at 1198-99). "'[W]hen the constitutional right of privacy is involved, the party seeking discovery of [a] private matter must do more than satisfy' the relevance standard." *Id. (quoting Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853, 34 Cal. Rptr. 2d 358 (1994)). "*The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance*." *Id. (citing Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1017, 9 Cal. Rptr. 2d 331 (1992) (emphasis added)). "The California Supreme Court has described this as a 'heightened standard' requiring a closer fit between the requested discovery and the allegations in the complaint." *Id. (citing John B. v. Superior Court*, 38 Cal. 4th at

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

45

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1200).

The requests were overbroad and unlimited in scope under any circumstances, but the absence of relevance to statutory damages, let alone *direct relevance*, means that Mann's right of privacy outweighs the absence of relevance. MediaNet is attempting to go on a fishing expedition and examine irrelevant information. A protective order does not alter MediaNet's requirement to show *direct relevance* of Mann's private information that it seeks. *Del Campo*, 2008 U.S. Dist. LEXIS 93298, at *17 (Even where there was a protective order in place, "[d]isclosure of private information must be 'narrowly circumscribed' and 'permitted only to the extent necessary for a fair resolution of the lawsuit.'"). MediaNet has utterly failed to demonstrate the *direct relevance* of third party licenses, royalties and Mann's personal bank records since 2008 to statutory damages and MediaNet's requests should be denied.

MediaNet also argues that Mann's entire financial life as a songwriter since 2008 is relevant to the question of whether there exists an implied license to the Compositions at Issue. That argument is absurd as a license by conduct can only be implied based on the conduct between the parties. All of those documents, financial or otherwise, have been produced. MediaNet's reliance on *Field v. Google Inc.,* 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006) is misplaced because as MediaNet notes, that case required conduct "from which [the] other [party] may properly infer that the owner consents to his use." Here there is no indication, not a scintilla or offer of proof that Mann has engaged in third party conduct (1) known to MediaNet and (2) which led it to believe it was her practice not to require express licenses. Additionally, MediaNet cannot argue the existence of an implied non-exclusive license "because implied non-exclusive licenses exist only in narrow circumstances where one party has expressly created a work at the other's request and handed it over, intending for the other to copy and distribute it." *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, 742 F. Supp. 2d 1101, 1113 (C.D. Cal. 2010)

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

46

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

(holding that the alleged oral licensing agreement could not be construed as an implied non-exclusive agreement where the holder had not delivered the copyrighted programs at issue to defendants); *see also Assets Marketing Systems, Inc. v. Gagnon*, 542 F.3d 748, 754 (9th Cir. 2008) (an implied license exists where "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work."). By definition, all of the Compositions at issue were created either *prior* to the Agreement or *after the Term* of the Agreement; consequently, as a matter of law, there can be no implied license between Mann and MediaNet.

## I.   RFP No. 38

### 1.   MediaNet's Contention:  Mann Should Be Compelled to Produce Her Banking or Other Financial Records Showing Payments Made for Mechanical Licenses to the Compositions At Issue

RFP No. 38 requests:

> All documents concerning payments made by, or on behalf of, MediaNet for mechanical licenses for any of the Compositions at Issue, including without limitation all statements of account, bank records, and correspondence concerning such payments.

Mann's written response to RFP No. 38 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Request to the extent that it seeks inspection and copying of documents that are protected from discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure. Responding Party further objects on the grounds that this Request is vague and ambiguous as to the term "concerning" as used in the context of this Request in both instances the it is used. Responding Party further objects to this Request on the grounds that it is overly broad, vague and ambiguous as to time and subject matter and therefore unduly burdensome and oppressive. Responding Party further objects to this Request to the extent that it calls for documents or information that are outside the scope of discovery, irrelevant to the parties'

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

47

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11

claims or defenses, outside the relevant time period for this action or not likely to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it calls for documents or materials that are equally available to Defendant; documents or materials that could be derived or ascertained by the Defendant with substantially the same effort that would be required of the Responding Party or from sources that are more convenient, less burdensome, less expensive, or more readily available to Defendant than to the Responding Party. Specifically, Responding Party further objects on the grounds that the documents sought by this Request are in the possession, custody or control of Defendant.  Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial.  Plaintiff reserves the right to supplement this Response as discovery is continuing and Responding Party has not yet completed her investigation.

12
13
14

Without waiving and subject to her objections, Responding Party will produce those non-privileged documents in her possession, custody or control that she understands to be responsive to this Request.

15
16

Roman Decl., Exh. D at pp. 46-47.

17
18
19
20
21
22

RFP No. 38 requests Mann's bank records concerning payments MediaNet made to Mann for mechanical licenses for any of the Compositions at Issue.  Mann has thus far refused to produce any bank records or bank account statements responsive to this RFP.  In her written response, Mann objected to RFP No. 38 (i) on grounds of privilege, (ii) as being overly broad, vague or ambiguous as to time and subject matter; (iii) on grounds of relevance; (iv) and that the documents requested are "equally available" to MediaNet.

23
24
25
26
27
28

During the parties' meet and confer on this issue, counsel for MediaNet attempted to resolve this issue by narrowing the time frame of this RFP to 5 years prior to the filing of the Complaint, *i.e.*, to July 22, 2008.  Roman Decl., ¶ 40.n. Counsel for Mann stated that Mann was objecting to producing Mann's bank records relating to royalty payments she received from MediaNet to the Compositions at Issue also on grounds of "privacy," and made clear that Mann

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

48

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

would be standing on her objections. *Id.*   None of Mann's objections, however, withstands scrutiny.

Mann's privilege and "equally available" objections are easily dispensed with, as neither could have any conceivable bearing on Mann's bank records.  Her banking records are simply not covered by the attorney-client privilege or work product immunity.  As for equal availability: (i) Mann's bank records are clearly not equally available to MediaNet, (ii) that objection is improper as a matter of law for the reasons set forth in Section II.F., *supra*, and (iii) Mann's counsel has represented that she has withdrawn her objection on grounds of "equal availability" (*see* Roman Decl., ¶ 40.e).

There is nothing overly broad, vague or ambiguous about the timeframe or subject matter of this RFP.  It is specifically directed to all bank records that reflect mechanical license payments that MediaNet made to Mann for the Compositions at Issue.  Nevertheless, to attempt to address Mann's concern that this RFP was "unduly burdensome," MediaNet narrowed the time frame for responsive documents to five years prior to the filing of the lawsuit.  *Id.*, ¶ 40.n.  Mann's counsel made clear, however, that even as modified Mann considered this RFP to be objectionable, and that she would produce no financial records in response to this RFP.  *Id.*

As for relevance, Mann's financial records are unquestionably relevant. Evidence of Mann's own financial recordkeeping with respect to the mechanical royalties she received from MediaNet goes to the heart of Mann's claim that MediaNet did not pay mechanical royalties for the Compositions at Issue.  *See, e.g.,* Amended Complaint (ECF No. 13), ¶ 66.  Mann's bank records are needed so that MediaNet can establish that such payments were in fact made and received. Evidence of such payments is also relevant to MediaNet's implied license defense (*see* discussion at Section II.J, *supra*), as well as various equitable defenses, and to the question of damages.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

49

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1    Finally, Mann's "privacy" objection is meritless in view of the Court's entry of

2    the stipulated discovery protective order in this case.  As was previously explained,

3    there is no recognized "privacy" privilege under Federal common law that protects

4    financial records from discovery in civil litigation.  And even assuming that

5    California's state constitution "creates 'a right to privacy in financial records, such

6    state privilege[ ] do[es] not preclude discovery' of bank records 'in a federal court

7    suit.'"  *Del Campo v. Am. Corrective Counseling Servs., Inc.,* No. 01-21151, 2008

8    WL 4858502, at *3 (N.D. Cal. Nov. 10, 2008) (quoting *In re Yassi,* 225 B.R. 478,

9    483 (Bankr. C.D. Cal.1998) ;  *CEH, Inc., v. FV "Seafarer",* 153 F.R.D. 491, 499

10   (D.R.I. 1994) ("While a party does have an interest in nondisclosure and

11   confidentiality in its financial records, this interest can be adequately protected by a

12   protective order.")).

13       As Mann's financial and banking records of mechanical license payments by

14   MediaNet for the Compositions at Issue are clearly relevant (and would reasonably

15   lead to the discovery of relevant evidence) in this action, those materials are

16   discoverable.  To the extent that confidentiality or "privacy" is a concern, the

17   stipulated protective order provides a more than adequate mechanism for

18   maintaining the confidentiality of information and materials disclosed in discovery.

19   There is simply no basis under these circumstances for withholding Mann's

20   relevant banking records on grounds of "privacy."

21       For these reasons, MediaNet respectfully requests that Mann be compelled to

22   produce her bank records that are responsive to RFP No. 38.

23       **2.      Mann's Contention:**

24       At the outset, it should be noted that MediaNet's heading number 1,

25   MediaNet's Contention, does not match Demand No. 38, which relates specifically

26   to payments made by or on behalf of MediaNet.  However, MediaNet's argument is

27   specific to those payments and will be addressed as such.  Simply stated, Mann and

28   her representatives *have* produced all royalty statements and checks from MediaNet

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

50

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1  or on its behalf.  Mann's personal banking records that were not produced are

2  private and irrelevant.

3       Requested discovery must be relevant, and it must not impose an undue

4  burden under the tests described in Rule 26(b)(2)(C).  There is no conceivable basis

5  for requesting Mann's personal banking records. Even where requested discovery is

6  relevant, the Court may limit it if the Court finds either that:  (1) the "burden or

7  expense of the proposed discovery outweighs its likely benefit, taking into account

8  the needs of the case, the amount in controversy, the parties' resources, the

9  importance of the issues at stake in the litigation, and the importance of the

10  proposed discovery in resolving the issues."  Rule 26(b)(2)(C) (iii).

11       Defendant's arguments as to relevance of Mann's personal *banking records*

12  do not outweigh Mann's right to financial privacy. The California Constitution,

13  Article 1, section 1, gives each citizen an "inalienable right" to pursue and obtain

14  "privacy."  When private financial information of is sought, the Court must weigh

15  the competing privacy and relevance interests.  *Hecht, Solberg, Robinson, Goldberg*

16  *& Bagley v. Sup.Ct. (Panther)* 137 Cal. App. 4th 579, 595 (2006); *see also Valley*

17  *Bank of Nevada v. Superior Court* 15 Cal. 3d 652, 658 (1975) (banking records).

18       "Federal courts generally recognize a privacy right that can be raised in

19  response to discovery requests."  *Allen v. Similasan Corp.,* 2014 US Dist. LEXIS

20  63303, at *7 (S.D. Cal. May 6, 2014) (*quoting Johnson ex rel Johnson v.*

21  *Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992)); *Del Campo v. Am. Corrective*

22  *Counseling Servs., Inc.*, 2008 U.S. Dist. LEXIS 93298, at *9 (N.D. Cal. Nov. 10,

23  2008) ("[F]ederal courts ordinarily recognize a constitutionally-based right of

24  privacy that can be raised in response to discovery requests."); *John B. v. Superior*

25  *Court*, 38 Cal. 4th 1177, 1198, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006) ("[A]

26  litigant may invoke the constitutional right to privacy as justification for refusing to

27  answer questions that unreasonably intrude on that right.").

28       "In appropriate circumstances, this right must be balanced against other

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

51

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

important interests.  On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial.  Thus, courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.  *Allen,* 2014 US Dist. LEXIS 63303, at *8 (*quoting John B. v. Superior Court*, 38 Cal. 4th at 1198-99).  "'[W]hen the constitutional right of privacy is involved, the party seeking discovery of [a] private matter must do more than satisfy' the relevance standard." *Id. (quoting Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853, 34 Cal. Rptr. 2d 358 (1994)).  *"The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance*." *Id. (citing Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1017, 9 Cal. Rptr. 2d 331 (1992) (emphasis added)).  "The California Supreme Court has described this as a 'heightened standard' requiring a closer fit between the requested discovery and the allegations in the complaint." *Id. (citing John B. v. Superior Court*, 38 Cal. 4th at 1200).

A protective order does not alter MediaNet's requirement to show direct relevance of Mann's personal banking records.  *Del Campo*, 2008 U.S. Dist. LEXIS 93298, at *17 (Even where there was a protective order in place, "[d]isclosure of private information must be 'narrowly circumscribed' and 'permitted only to the extent necessary for a fair resolution of the lawsuit.'").  As stated, Mann and her representatives have produced all royalty statements and checks from MediaNet.  Mann's personal banking records which were not produced add nothing and MediaNet has failed to specifically demonstrate the direct relevance of a general request for personal banking records.

**J.    RFP No. 41**

    **1.    <u>MediaNet's Contention</u>:  Mann Should Be Compelled to Produce Documents Sufficient To Evidence Income That Mann Has Received From Mechanical Licenses In Connection With Any Of the Compositions At Issue In the Last Five Years**

RFP No. 41 requests:

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

52

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Documents sufficient to evidence all income Plaintiff has received in connection with any of the Compositions at Issue.

Mann's written response to RFP No. 41 was as follows:

Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Request to the extent that it seeks inspection and copying of documents that are protected from discovery and disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure. Responding Party further objects to this Request on the grounds that it is overly broad, vague and ambiguous as to time and subject matter and therefore unduly burdensome and oppressive. Responding Party further objects on the grounds that the Request, as a whole, is burdensome and oppressive. Responding Party further objects to this Request to the extent that it calls for documents or information that are outside the scope of discovery, irrelevant to the parties' claims or defenses, outside the relevant time period for this action or not likely to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks documents that are protected from disclosure or discovery by virtue of Responding Party's right to non-disclosure of confidential information, proprietary information, or other information under contract, case law, statute, regulation, or information in which individuals, including non-parties, have an expectation, obligation, or right of privacy. Responding Party further objects to this Request on the grounds and to the extent that it seeks documents that include "Confidential" documents or other material as those terms are defined and given effect in the parties' anticipated Protective Order. Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial. Plaintiff reserves the right to supplement this Response as discovery is continuing and Responding Party has not yet completed her investigation.

Roman Decl., Exh. D at pp. 50-51.

Mann is refusing to produce any documents in response to this RFP, which, as originally written, was directed to documents sufficient to evidence all income that Mann received from any of the Compositions at Issue. In the interest of resolving

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

53

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

the parties' dispute over this RFP, MediaNet narrowed the scope of this RFP to documents sufficient to evidence all income that Mann received from mechanical licenses to the Compositions at Issue in the five years prior to the filing of the Complaint (*i.e.*, since July 22, 2008).   Roman Decl., ¶ 40.o.  Despite MediaNet's narrowing of his RFP, Mann's counsel confirmed during the parties' meet and confer that Mann will not produce documents responsive to this RFP based on her written objections. *Id.*

Mann objected to this RFP (i) as seeking privileged information, (ii) as being overly broad, vague and ambiguous as to time and subject matter, (iii) on relevance grounds, and (iv) on grounds of "confidentiality."  All of these objections are without merit.

Mann's main objection appears to be based on relevance grounds.  However, as was previously explained, the amount of mechanical licensing revenue Mann has received in connection with the Compositions is relevant to establishing, among other things, the fair market value for those licenses and such information would be relevant even under a statutory damages theory. *See* Section II.H., *supra*.   It is also relevant to the issue of whether or not MediaNet had an implied license for the mechanical rights for Compositions at Issue or whether Mann has waived her claims. *See id.*, *supra*.  Mann's relevance objection is therefore baseless and should be overruled.

Mann's remaining objections to this RFP are also meritless.  As narrowed, the RFP is directed to mechanical royalties collected in the last five years from the Compositions at Issue.  As such, the RFP is neither vague nor ambiguous as to time or subject matter, despite Mann's improper boilerplate objection to that effect.

Nor can Mann's objections on grounds of "equal availability" and confidentiality/privacy withstand scrutiny, and those objections should be overruled for the reasons previously stated.  More particularly, Mann's counsel has represented that Mann has withdrawn her objection on grounds of "equal

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

54

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

availability" (*see* Roman Decl., ¶ 40.e) and that objection is improper as a matter of law for the reasons set forth in Section II.F., *supra*.  As for Mann's objections based on confidentiality/privacy, those objections are improper in light of the Court's entry of the stipulated discovery protective order in this action.  *See* Section II.C., *supra*.

Mann's objection to producing responsive documents on grounds of privilege is also without merit.  Documents evidencing her mechanical license payments from third parties could not possibly be privileged.  Moreover, Mann's unjustified delay of more than three months in producing a privilege log containing just one entry has resulted in a waiver of privilege for the reasons set forth in Section II.B., *supra*.

For these reasons, MediaNet respectfully requests that the Court overrule Mann's objection and order Mann to produce non-privileged documents responsive to RFP 40.

## 2.     <u>Mann's Contention</u>:

Once again, this is a general request for "all income Plaintiff has received in connection with any of the Compositions at Issue" *from anyone*.  Counsel for Mann has previously informed counsel for MediaNet that Mann elects to recover statutory damages under Section 504(c), and none of Defendant's arguments as to relevance hold water or outweigh Mann's constitutional right of privacy under Article 1 of the California Constitution.

Requested discovery must be relevant, and it must not impose an undue burden under the tests described in Rule 26(b)(2)(C).  There is no conceivable basis for requesting Mann's income as a songwriter from third parties.  Even where requested discovery is relevant, the Court may limit it if the Court finds either that: (1) the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(C) (iii).

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

55

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

As stated, Mann elects to recover statutory damages, not compensatory damages or lost profits.  Under the 1976 Copyright Act, Mann may elect to recover either actual or statutory damages, and counsel for Mann has notified MediaNet that Mann has elected to recover statutory damages.  *See* 17 U.S.C. § 504(c)(1).  If statutory damages are elected, "the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima."  *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).  In measuring the damages, "the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum].  Within these limitations the court's discretion and sense of justice are controlling. . . .'"  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (*quoting F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232, 97 L. Ed. 276, 73 S. Ct. 222 (1952)).

In *Pausa Records*, the defendant argued that "statutory damage provisions should not be converted into a windfall where, as a practical matter, the plaintiff has suffered only nominal damages."  *Id.* at 1336-37.  The court, however, rejected defendant's argument:  "It is clear, however, that a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'"  *Id.* at 1337 (*quoting Harris*, 734 F.2d at 1335).  "The Supreme Court has stated that 'even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy' of discouraging infringement."  *Id.* (*quoting Woolworth Co.*, 344 U.S. at 233). [6]

---

[6] MediaNet citation of *Warner Bros. Home Entm't v. Slaughter*, 2013 U.S. Dist. LEXIS 156597 (C.D. Cal. Oct. 30. 2013) is inapposite.  The plaintiff in *Slaughter* had moved for a default judgment, and in ruling on the default judgment, the court held that the plaintiff was "required to prove all damages sought in the complaint."

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

56

CASE NO: CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1    Since Mann has elected to recover statutory damages under Section 504(c),

2    Defendant's arguments concerning relevance of her songwriting income from third

3    parties are irrelevant and do not outweigh Mann's right to financial privacy. The

4    California Constitution, Article 1, section 1, gives each citizen an "inalienable

5    right" to pursue and obtain "privacy."  When private financial information of is

6    sought, the Court must weigh the competing privacy and relevance interests.

7    *Hecht, Solberg, Robinson, Goldberg & Bagley v. Sup.Ct. (Panther)* 137 Cal. App.

8    4th 579, 595 (2006); *see also Valley Bank of Nevada v. Superior Court* 15 Cal. 3d

9    652, 658 (1975) (banking records).

10    "Federal courts generally recognize a privacy right that can be raised in

11    response to discovery requests."  *Allen v. Similasan Corp.,* 2014 US Dist. LEXIS

12    63303, at *7 (S.D. Cal. May 6, 2014) (*quoting Johnson ex rel Johnson v.*

13    *Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992)); *Del Campo v. Am. Corrective*

14    *Counseling Servs., Inc.*, 2008 U.S. Dist. LEXIS 93298, at *9 (N.D. Cal. Nov. 10,

15    2008) ("[F]ederal courts ordinarily recognize a constitutionally-based right of

16    privacy that can be raised in response to discovery requests."); *John B. v. Superior*

17    *Court*, 38 Cal. 4th 1177, 1198, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006) ("[A]

18    litigant may invoke the constitutional right to privacy as justification for refusing to

19    answer questions that unreasonably intrude on that right.").

20    "In appropriate circumstances, this right must be balanced against other

21    important interests.  On occasion [a party's] privacy interests may have to give way

22    to [the] opponent's right to a fair trial.  Thus, courts must balance the right of civil

23    litigants to discover relevant facts against the privacy interests of persons subject to

24    discovery.  *Allen,* 2014 US Dist. LEXIS 63303, at *8 (*quoting John B. v. Superior*

25    *Court*, 38 Cal. 4th at 1198-99).  "'[W]hen the constitutional right of privacy is

26    involved, the party seeking discovery of [a] private matter must do more than

27

28    *Id.* at *9.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

57

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

satisfy' the relevance standard." *Id. (quoting Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853, 34 Cal. Rptr. 2d 358 (1994)). *"The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance*." *Id. (citing Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1017, 9 Cal. Rptr. 2d 331 (1992) (emphasis added)). "The California Supreme Court has described this as a 'heightened standard' requiring a closer fit between the requested discovery and the allegations in the complaint." *Id. (citing John B. v. Superior Court*, 38 Cal. 4th at 1200).

A protective order does not alter MediaNet's requirement to show *direct relevance* of Mann's private information that it seeks. *Del Campo*, 2008 U.S. Dist. LEXIS 93298, at *17 (Even where there was a protective order in place, "[d]isclosure of private information must be 'narrowly circumscribed' and 'permitted only to the extent necessary for a fair resolution of the lawsuit.'"). MediaNet has utterly failed to demonstrate the *direct relevance* of third party income since 2008 to statutory damages and MediaNet's requests should be denied.

**K.     Interrogatory No. 2**

**1.     MediaNet's Contention:  Mann Must Provide a Complete Response To This Interrogatory and Describe the Circumstances Under Which She First Became Aware of MediaNet's Allegedly Infringing Activity**

Interrogatory No. 2 states:

> Identify the date and the circumstances under which Plaintiff first became aware that MediaNet was distributing or reproducing digital music recordings embodying any of the Compositions at Issue after the date Plaintiff alleges the License Agreement was terminated or expired.

Mann's written response to Interrogatory No. 2 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Interrogatory on the grounds and to the extent that it requests any information protected by attorney-client privilege, the attorney work product

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

58

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

doctrine, or any other applicable privilege or protection from disclosure. Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial. Plaintiff reserves the right to supplement this Response.

Without waiving and subject to her objections, Responding Party responds as follows:

In or about October 2012.

Roman Decl., Exh. E at p. 8.

Mann's written response to Interrogatory No. 2 is incomplete.  While Interrogatory No. 2 requests the date and the circumstances under which Mann first became aware of MediaNet's allegedly infringing activity, Mann provided only an approximate date.  She provided no description whatsoever of how she became aware that MediaNet was allegedly infringing her copyrights.

During the parties' various telephonic meet and confers, Mann's counsel stated that Mann would be amending her response to this interrogatory subject to her privilege objection.  Roman Decl., ¶¶ 19 and 40.p.  Thus far, however, MediaNet has not received Mann's amended response to Interrogatory No. 2.

MediaNet, therefore, respectfully requests that the Court order Mann to amend her response to Interrogatory No. 2 to describe not just the date, but also the circumstances under which she first became aware of MediaNet's allegedly infringing activity.

### 2.  Mann's Contention:

Mann will supplement the interrogatory response as agreed as soon as Mann has completed responding to the joint stipulation.

### L.  Interrogatory No. 4

### 1.  MediaNet's Position:  Mann Must Be Compelled to Respond to This Interrogatory

Interrogatory No. 4 states:

Identify each person that has ever obtained a mechanical license for

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

59

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

any of the Compositions at Issue, whether by compulsory license pursuant to Section 115 of the Copyright Act, a direct license, through HFA, or otherwise.

Mann's written response to Interrogatory No. 4 was as follows:

Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Interrogatory on the grounds and to the extent that it requests any information protected by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure. Responding Party objects to this Interrogatory on the grounds that and to the extent that it is overly broad and unduly burdensome. Responding Party further objects on the grounds that this Interrogatory seeks information that is irrelevant to the parties' claims or defenses, and not likely to lead to the discovery of admissible evidence. Responding Party further objects to this Interrogatory on the grounds that and to the extent that it calls for information that is not within Responding Party's possession, custody or control; information that is publicly available or equally available to Defendant; or information that could be derived or ascertained by Defendant with substantially the same effort that would be required of the Responding Party or from sources that are more convenient, less burdensome, less expensive, or more readily available to Defendant than to the Responding Party. Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial. Plaintiff reserves the right to supplement this Response.

Roman Decl., Exh. E at pp. 9-10.

This interrogatory asks Mann to identify all mechanical licensees to the Compositions at Issue.  In an effort to resolve the parties' dispute over this Interrogatory, MediaNet narrowed its scope to an identification of entities granted a mechanical license to the Compositions at Issue since July 22, 2008 (*i.e.*, five years prior to the filing of the Complaint).  Roman Decl., ¶ 40.q.  Mann has refused to respond to this Interrogatory based on her written objections.  *Id.*

Mann objected to this Interrogatory (i) on grounds of privilege or immunity; (ii) because it is purportedly "overly broad and unduly burdensome;" and (iii) because it seeks information that is either publicly available or equally available to

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

60

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1   MediaNet.  Each of these objections should be overruled.

2        More particularly, her objection that this Interrogatory is overly broad and

3   unduly burdensome should be overruled because it is too generalized and not

4   sufficiently specific to allow MediaNet or the Court to ascertain what was

5   objectionable about this discovery request.  *See* cases cited in Section II.D, *supra*.

6        Mann's objections that the responses to this interrogatory are either publicly

7   available or equally available to MediaNet are also without merit.  Mann's counsel

8   has represented that she has withdrawn her objection on grounds of "equal

9   availability" (*see* Roman Decl., ¶ 40.e) and, in any event, that objection is improper

10  as a matter of law for the reasons set forth in Section II.F., *supra*.  In addition, her

11  objections in this regard are factually false.  There is no public database of Mann's

12  licensing activities.  Only Mann has access to the information requested in this

13  Interrogatory.

14       As for Mann's objection based on privilege or immunity, such claims cannot

15  prevent discovery of all of the information requested in this interrogatory.

16  Certainly the identity of licensees themselves cannot be privileged.  To the extent

17  any responsive information is protected by privilege, Mann should have logged that

18  information and provided the log to MediaNet.  To the extent she has not logged

19  that information, Mann should be deemed to have waived privilege.  *See, e.g.,*

20  Section II.B., *supra*.  And to the extent that Mann has any non-privileged

21  responsive information, she should provide that to MediaNet.

22       Finally, Mann objects to this interrogatory on relevance grounds.  This objection

23  is also meritless.  As has been previously explained, information concerning

24  Mann's licensing of the mechanical rights to the Compositions at Issue to third

25  parties is relevant to damages, as lost licensing revenue would be one metric by

26  which compensatory damages are measured, and provide a guideline for statutory

27  damages.  *See* discussion at Section II.H., *supra*.  This information is also

28  potentially relevant to MediaNet's implied license because it would shed light on

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

61

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1  whether Mann was freely and without objection licensing mechanical rights to third

2  parties for the Compositions at Issue. *See id.*, *supra*. Thus, Mann's objection on

3  relevance grounds is also without merit and should be overruled.

4      For these reasons, MediaNet respectfully requests the Court to order Mann to

5  provide a response to Interrogatory No. 4.

6      **2.    Mann's Contention:**

7      MediaNet is requesting a listing of every person or entity who has ever

8  licensed Mann's songs. Since Mann has elected to recover statutory damages, this

9  Interrogatory is not reasonably calculated to lead to the discovery of admissible

10  evidence and violates Mann's constitutional right of privacy under Article 1 of the

11  California Constitution.

12      Requested discovery must be relevant, and it must not impose an undue

13  burden under the tests described in Rule 26(b)(2)(C). There is no conceivable basis

14  for requesting the identity of every person or entity that has ever licensed Mann's

15  songs. Even where requested discovery is relevant, the Court may limit it if the

16  Court finds either that: (1) the "burden or expense of the proposed discovery

17  outweighs its likely benefit, taking into account the needs of the case, the amount in

18  controversy, the parties' resources, the importance of the issues at stake in the

19  litigation, and the importance of the proposed discovery in resolving the issues."

20  Rule 26(b)(2)(C) (iii).

21      Here, Mann elects to recover statutory damages, not compensatory damages

22  or lost profits. Under the 1976 Copyright Act, Mann may elect to recover either

23  actual or statutory damages, and counsel for Mann has notified MediaNet that

24  Mann has elected to recover statutory damages. *See* 17 U.S.C. § 504(c)(1). If

25  statutory damages are elected, "the court has wide discretion in determining the

26  amount of statutory damages to be awarded, constrained only by the specified

27  maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th

28  Cir. 1984). In measuring the damages, "the court is to be guided by 'what is just in

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

62

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, . . . but with the express qualification that in every case the assessment must be within the prescribed [maximum or minimum].  Within these limitations the court's discretion and sense of justice are controlling. . . .'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (*quoting F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232, 97 L. Ed. 276, 73 S. Ct. 222 (1952)).

In *Pausa Records*, the defendant argued that "statutory damage provisions should not be converted into a windfall where, as a practical matter, the plaintiff has suffered only nominal damages." *Id.* at 1336-37.  The court, however, rejected defendant's argument:  "It is clear, however, that a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant.'" *Id.* at 1337 (*quoting Harris*, 734 F.2d at 1335).  "The Supreme Court has stated that 'even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy' of discouraging infringement." *Id.* (*quoting Woolworth Co.*, 344 U.S. at 233). [7]

Since Mann has elected to recover statutory damages under Section 504(c), none of Defendant's arguments as to relevance hold water and they do not outweigh Mann's right to financial privacy. The California Constitution, Article 1, section 1, gives each citizen an "inalienable right" to pursue and obtain "privacy."  When private financial information of is sought, the Court must weigh the competing privacy and relevance interests.  *Hecht, Solberg, Robinson, Goldberg & Bagley v. Sup.Ct. (Panther)* 137 Cal. App. 4th 579, 595 (2006); *see also Valley Bank of*

---

[7] MediaNet citation of *Warner Bros. Home Entm't v. Slaughter*, 2013 U.S. Dist. LEXIS 156597 (C.D. Cal. Oct. 30. 2013) is inapposite.  The plaintiff in *Slaughter* had moved for a default judgment, and in ruling on the default judgment, the court held that the plaintiff was "required to prove all damages sought in the complaint." *Id.* at *9.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

63

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

*Nevada v. Superior Court* 15 Cal. 3d 652, 658 (1975) (banking records).

"Federal courts generally recognize a privacy right that can be raised in response to discovery requests." *Allen v. Similasan Corp.,* 2014 US Dist. LEXIS 63303, at *7 (S.D. Cal. May 6, 2014) (*quoting Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992)); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 U.S. Dist. LEXIS 93298, at *9 (N.D. Cal. Nov. 10, 2008) ("[F]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."); *John B. v. Superior Court*, 38 Cal. 4th 1177, 1198, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006) ("[A] litigant may invoke the constitutional right to privacy as justification for refusing to answer questions that unreasonably intrude on that right.").

"In appropriate circumstances, this right must be balanced against other important interests.  On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial.  Thus, courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.  *Allen,* 2014 US Dist. LEXIS 63303, at *8 (*quoting John B. v. Superior Court*, 38 Cal. 4th at 1198-99).  "'[W]hen the constitutional right of privacy is involved, the party seeking discovery of [a] private matter must do more than satisfy' the relevance standard." *Id. (quoting Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853, 34 Cal. Rptr. 2d 358 (1994)).  "*The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance*." *Id. (citing Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1017, 9 Cal. Rptr. 2d 331 (1992) (emphasis added)).  "The California Supreme Court has described this as a 'heightened standard' requiring a closer fit between the requested discovery and the allegations in the complaint." *Id. (citing John B. v. Superior Court*, 38 Cal. 4th at 1200).

MediaNet is attempting to go on a fishing expedition and examine irrelevant information.  A protective order does not alter MediaNet's requirement to show

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

64

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

*direct relevance* of Mann's private information that it seeks.  *Del Campo*, 2008 U.S. Dist. LEXIS 93298, at \*17 (Even where there was a protective order in place, "[d]isclosure of private information must be 'narrowly circumscribed' and 'permitted only to the extent necessary for a fair resolution of the lawsuit.'"). MediaNet has utterly failed to demonstrate the *direct relevance* of third party licensees to statutory damages and MediaNet's requests should be denied.

## M.    Interrogatory No. 6

### 1.    <u>MediaNet's Contention</u>:  Mann Must Provide a Complete Response to This Interrogatory, Including the Dates Requested

Interrogatory No. 6 states:

> Identify each person that has represented Plaintiff or acted as Plaintiff's agent in connection with licensing or administration of the Compositions at Issue, including without limitation the collection of royalties related to the Compositions at Issue, and when that representation or agency began and ended.

Mann's written response to Interrogatory No. 6 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Interrogatory on the grounds and to the extent that it requests any information protected by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from disclosure. Responding Party objects to this Interrogatory on the grounds that and to the extent that it is overly broad and unduly burdensome. Responding Party further objects on the grounds that this Interrogatory seeks information that is irrelevant to the parties' claims or defenses, and not likely to lead to the discovery of admissible evidence to the extent that this Request calls for information concerning the administration or licensing other than to Defendant. Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial. Plaintiff reserves the right to supplement this Response.

> Without waiving and subject to her objections, Responding Party

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

65

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

responds as follows:

Michael Hausman

Leslie Wallake

Laurie L. Soriano, Esq.

Roman Decl., Exh. E [Mann's Responses to MediaNet's Interrogatories] at pp. 11-12.

Although Mann provided names in response to this interrogatory, Mann's response is deficient in that she does not provide the dates that each person represented or acted as agent for Mann in connection with the licensing or administration of the Compositions at Issue. This information is relevant to MediaNet's implied license, estoppel, and other defenses because MediaNet had communications with various of Mann's representatives during time periods in which Mann claims MediaNet was unlicensed and when she claims she was unpaid and unaware of MediaNet's use of the Compositions at Issue.

During the parties' various telephonic meet and confers, Mann's attorney repeatedly stated that he would amend Mann's response to this interrogatory to include this missing information. *See* Roman Decl., ¶¶ 19 and 40.p. Thus far, however, MediaNet has not received any amended responses from Mann.

MediaNet respectfully requests that the Court order Mann to amend her response to Interrogatory No. 6 to include the missing date information.

### 2.   Mann's Contention:

Mann will supplement the interrogatory response as agreed as soon as Mann completes her response to this joint stipulation.

### N.   Interrogatory No. 8

#### 1.   MediaNet's Contention: Mann Must Identify All NOIs, Including Third Party NOIs, She Received For Each of the Compositions at Issue

Interrogatory No. 8 states:

For each of the Compositions at Issue, identify any NOIs received by Plaintiff, including without limitation any NOIs sent by or on

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

66

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

behalf of MediaNet.

Mann's written response to Interrogatory No. 8 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party objects to this Interrogatory on the grounds that and to the extent that it is overly broad and unduly burdensome as NOIs sent by anyone or entity other than Defendant are irrelevant and requesting same is not reasonably calculated to lead to admissible evidence. Responding Party objects to this Interrogatory to the extent that it calls for confidential information, proprietary information, trade secrets or other information under contract, case law, statute, regulation, or information in which individuals, including non-parties, have an expectation, obligation, or right of privacy. Responding Party further objects on the grounds that NOIs received from MediaNet after termination of the license are invalid and irrelevant. Responding Party further objects on the ground that this interrogatory calls for information that is equally available to Defendant; or information that could be derived or ascertained by Defendant with substantially the same or less effort than would be required of the Responding Party or from sources that are more convenient, less burdensome, less expensive, or more readily available to Defendant than to the Responding Party. Responding Party further objects on the grounds that discovery is continuing and that she has not yet completed her investigation and preparation for trial. Plaintiff reserves the right to supplement this Response.

Roman Decl., Exh. E [Mann's Responses to MediaNet's Interrogatories] at pp. 13-14.

During the parties' meet and confer, Mann's counsel confirmed that Mann has refused to respond to this Interrogatory to the extent it requests an identification of NOIs (*i.e.*, notices of intention to obtain a compulsory license to copy and distribute a work pursuant to 17 U.S.C. § 115) that were sent to Mann by third parties. Roman Decl., ¶ 40.r.  She also has failed to identify the NOIs she received from MediaNet, as requested by this Interrogatory.  It is clear from her production and from her counsel's representation during the parties' meet and confer that she has this information.  *Id.*  She should be compelled to respond accordingly.

Her written objections appear to be based mainly on two relevance grounds: (i)

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

67

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

that NOIs sent by any entity other than MediaNet are irrelevant, and (ii) NOIs received from MediaNet after Mann's purported termination of MediaNet's license are invalid and therefore irrelevant.  However, during the parties' meet and confer, Mann's attorney made clear that her objection was solely to providing NOIs from third parties relating to the Compositions at Issue, which Mann contends are irrelevant. *See* Roman Decl., Exh I, p. 5 and ¶ 40.r.

NOIs from third parties relating to the Compositions at Issue are relevant to MediaNet's implied license defense, because they tend to show whether Mann was freely and without objection collecting mechanical royalties from third parties who – like MediaNet – had placed Mann on notice that they would be distributing, and paying mechanical royalties for, the Compositions at Issue using the statutory rates applicable to compulsory mechanical licenses for digital works.  Such NOIs from third parties would also tend to establish information relevant to damages, as they tend to show what rates would be applicable to licensed distribution of her work. Thus, Mann's objection on relevance grounds is without merit and should be overruled.

Mann's remaining objections – that this Interrogatory calls for confidential information or information that is "equally available" to MediaNet – should also be overruled.  As  previously explained, any confidentiality/privacy objections have been rendered moot by the Court's entry of the parties' stipulated discovery protective order.  *See* Section II.C., *supra*.  And as for Mann's objection on grounds of "equal availability," Mann's counsel has represented that she has withdrawn that objection (*see* Roman Decl., ¶ 40.e) and, in any event, the objection is improper as a matter of law for the reasons set forth in Section II.H., *supra*.

For these reasons, MediaNet respectfully requests the Court to order Mann to provide a complete response to Interrogatory No. 8.

## 2. <u>Mann's Contention</u>:

An "NOI" is a "Notice of Intention to Obtain a Compulsory License" under

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

68

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Section 115 of the U.S. Copyright Act.  An NOI is the notice that a licensee who wishes to avail itself of the compulsory licensing provisions of Section 115 sends to the copyright owner/administrator.  Interrogatory No. 8 is just another version of the request for licenses in Interrogatory No. 4.  Please see Mann's response to Interrogatory No. 4 above.

## O.     Interrogatory No. 9

### 1.     <u>MediaNet's Contention</u>:  Mann Must Provide the Bank Account Information Requested In This Interrogatory

Interrogatory No. 9 states:

> Identify each bank account, including without limitation by bank name, branch, address, and account number, into which Plaintiff s royalty payments from licenses of the Compositions at Issue have been deposited and state the time periods during which such accounts received such deposits.

Mann's written response to Interrogatory No. 9 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party objects to this Interrogatory to the extent that it calls for confidential information, proprietary information, and/or other protected information under contract, case law, statute, regulation, or in which individuals, including non-parties, have an expectation, obligation or right of privacy. Responding Party further objects on the grounds that this Interrogatory seeks information that is irrelevant to the parties' claims or defenses, and not likely to lead to the discovery of admissible evidence. Responding Party objects to this Interrogatory on the grounds and to the extent that it seeks information that includes "Confidential" information as those terms are defined and given effect in the parties' anticipated Protective Order. Responding Party objects to this Interrogatory on the grounds that and to the extent that it is overly broad and unduly burdensome. Responding Party further objects to this Interrogatory on the grounds and to the extent that it calls for information that is not within Responding Party's possession, custody or control; information that is publicly available or equally available to Defendant; or information that could be derived or ascertained by Defendant with substantially the same effort that would be required of the Responding Party or from sources that are more convenient, less burdensome, less expensive,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

69

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

or more readily available to Defendant than to the Responding Party.

Roman Decl., Exh. E [Mann's Responses to MediaNet's Interrogatories] at pp. 14-15.

Interrogatory No. 9 is directed to discovering information about the bank accounts into which Mann deposited mechanical royalty payments for the Compositions at Issue. Mann has refused to provide any response whatsoever to this interrogatory. Roman Decl., ¶ 40.s.

Notably, Mann has specifically alleged that MediaNet ceased paying her royalties after September 30, 2005. Amended Complaint (ECF No. 13), ¶ 66. In fact, however, Mann received and cashed many checks from MediaNet for years after that date, and even shortly before she filed the Complaint in this action. Although MediaNet has been able to obtain copies of many of these checks, its records may be incomplete. Moreover, MediaNet should be allowed to confirm that the payments were actually received into Mann's accounts. As previously explained, evidence concerning these payments is relevant to the question of damages and to MediaNet's implied license defense (*see* Section II.P., *supra*). Mann's relevance objections to this interrogatory are meritless and should be overruled.

Mann's remaining objections (i) on confidentiality/privacy grounds, (ii) on grounds that the information sought is "equally available" to MediaNet, and (iii) her non-specific boilerplate objection that the interrogatory is "overly broad and unduly burdensome," should also be overruled for the reasons set forth in Section II.N., *supra*.

For these reasons, MediaNet respectfully requests the Court to order Mann to provide a complete response to Interrogatory No. 9.

### 2. <u>Mann's Contention</u>:

MediaNet's Interrogatory is shameless. Mann's personal banking

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

70

CASE NO. CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1  information is private information, and such information related to payments

2  received from licensees is irrelevant and outweighed by Mann's right of privacy.

3  Requested discovery must be relevant, and it must not impose an undue burden

4  under the tests described in Rule 26(b)(2)(C).  There is no conceivable basis for

5  requesting Mann's personal banking records. Even where requested discovery is

6  relevant, the Court may limit it if the Court finds either that:  (1) the "burden or

7  expense of the proposed discovery outweighs its likely benefit, taking into account

8  the needs of the case, the amount in controversy, the parties' resources, the

9  importance of the issues at stake in the litigation, and the importance of the

10  proposed discovery in resolving the issues."  Rule 26(b)(2)(C) (iii).

11      Defendant's arguments as to relevance of Mann's personal banking records

12  do not outweigh Mann's right to financial privacy. The California Constitution,

13  Article 1, section 1, gives each citizen an "inalienable right" to pursue and obtain

14  "privacy."  When private financial information of is sought, the Court must weigh

15  the competing privacy and relevance interests.  *Hecht, Solberg, Robinson, Goldberg*

16  *& Bagley v. Sup.Ct. (Panther)* 137 Cal. App. 4th 579, 595 (2006); *see also Valley*

17  *Bank of Nevada v. Superior Court* 15 Cal. 3d 652, 658 (1975) (banking records).

18      "Federal courts generally recognize a privacy right that can be raised in

19  response to discovery requests."  *Allen v. Similasan Corp.,* 2014 US Dist. LEXIS

20  63303, at *7 (S.D. Cal. May 6, 2014) (*quoting Johnson ex rel Johnson v.*

21  *Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992)); *Del Campo v. Am. Corrective*

22  *Counseling Servs., Inc.*, 2008 U.S. Dist. LEXIS 93298, at *9 (N.D. Cal. Nov. 10,

23  2008) ("[F]ederal courts ordinarily recognize a constitutionally-based right of

24  privacy that can be raised in response to discovery requests."); *John B. v. Superior*

25  *Court*, 38 Cal. 4th 1177, 1198, 45 Cal. Rptr. 3d 316, 137 P.3d 153 (2006) ("[A]

26  litigant may invoke the constitutional right to privacy as justification for refusing to

27  answer questions that unreasonably intrude on that right.").

28      "In appropriate circumstances, this right must be balanced against other

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

71

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

important interests.  On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial.  Thus, courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.  *Allen,* 2014 US Dist. LEXIS 63303, at *8 (*quoting John B. v. Superior Court*, 38 Cal. 4th at 1198-99).  "'[W]hen the constitutional right of privacy is involved, the party seeking discovery of [a] private matter must do more than satisfy' the relevance standard." *Id. (quoting Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853, 34 Cal. Rptr. 2d 358 (1994)).  "*The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance*." *Id. (citing Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1017, 9 Cal. Rptr. 2d 331 (1992) (emphasis added)).  "The California Supreme Court has described this as a 'heightened standard' requiring a closer fit between the requested discovery and the allegations in the complaint." *Id. (citing John B. v. Superior Court*, 38 Cal. 4th at 1200).

A protective order does not alter MediaNet's requirement to show direct relevance of Mann's personal banking records. *Del Campo*, 2008 U.S. Dist. LEXIS 93298, at *17 (Even where there was a protective order in place, "[d]isclosure of private information must be 'narrowly circumscribed' and 'permitted only to the extent necessary for a fair resolution of the lawsuit.'").  As stated, Mann and her representatives have produced all royalty statements and checks from MediaNet. Mann's personal banking records which were not produced add nothing and MediaNet has failed to specifically demonstrate the direct relevance of a general request for personal banking records.

## P.   Interrogatory No. 12

### 1.   MediaNet's Position:  Mann Must Be Compelled to Respond to This Interrogatory

Interrogatory No. 12 states:

Describe and quantify with particularity each category of monetary

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

72

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

damages sought by Plaintiff in this action.

Mann's written response to Interrogatory No. 12 was as follows:

> Responding Party hereby incorporates each General Objection set forth above. Responding Party further objects to this Interrogatory on the grounds that it calls for a legal conclusion which is the basis of the case and which is to be ascertained at trial. Responding Party further objects to this Interrogatory on the grounds and to the extent that it calls for information that is not within Responding Party's possession, custody or control; information that is publicly available or equally available to Defendant; or information that could be derived or ascertained by Defendant with substantially the same effort that would be required of the Responding Party or from sources that are more convenient, less burdensome, less expensive, or more readily available to Defendant than to the Responding Party. Responding Party further objects on the grounds that discovery has just commenced, and she has not yet completed her investigation and preparation for trial. Responding Party further objects to this Interrogatory to the extent it constitutes a premature production of an expert opinion and/or information that may be generated as part of an expert report. Plaintiff reserves the right to supplement this Response.

> Without waiving and subject to her objections, Responding Party responds as follows:

> Statutory damages in an amount up to $150,000.00 per direct, contributory, vicarious or induced infringement.

> Alternatively, if and when Plaintiff so elects, Actual Damages to include Plaintiffs lost earnings and Defendant's profits from infringement.

> Attorneys' fees and costs to be determined at the time of trial. Plaintiff further responds by incorporating by reference herein all other facts set forth in the Complaint.

Roman Decl., Exh. E [Mann's Responses to MediaNet's Interrogatories] at pp. 9-10.

At the parties' meet and confer, Mann's counsel confirmed that Mann would be seeking only statutory damages, and not actual damages, in this case. Mann's

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

73

CASE NO. CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

1    counsel further agreed that by August 11th Mann would amend her response to this
2    Interrogatory to reflect this position.  *Id.*, ¶ 40.p.  MediaNet, however, has still not
3    received any amendment from Mann to her response to Interrogatory No. 12.  This
4    has led to significant confusion and uncertainty on the part of MediaNet as to what
5    Mann's damages argument will be, and as to how MediaNet should be preparing its
6    defense in this action.

7        Should the Court decide to grant MediaNet's motion to compel, MediaNet
8    respectfully requests that the Court order Mann to amend her response to
9    Interrogatory No. 12 to reflect her true position on damages within a week of the
10   Court's order.

11       **2.    Mann's Contention:**

12       Mann is seeking statutory damages against MediaNet under Section 504(c)
13   up to $150,000 per composition.

14   **III.   CONCLUSION**

15       For the reasons set forth above, MediaNet respectfully requests that the Court
16   grant its motion to compel Mann to immediately and fully comply with MediaNet's
17   RFPs and Interrogatories.

18       Mann respectfully requests that except as to the Interrogatories Mann's
19   counsel has agreed to supplement, the motion should be denied.

20
21
22
23
24
25
26
27
28

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

74

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL

Dated: September 2, 2014

**ARENT FOX LLP**

By:   /s/ Eric Roman
_____

PAUL M. FAKLER (*pro hac vice*)
ROSS CHARAP (*pro hac vice*)
ERIC ROMAN (*pro hac vice*)
**ARENT FOX LLP**
1675 Broadway
New York, NY  10019-5874
Telephone: 212.484.3900
Facsimile: 212.484.3990


Michael M. Kowsari
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: 213.443.7620
Facsimile: 213.629.7401


*Attorneys for Defendant*
*MusicNet Inc. d/b/a MediaNet Digital*

By:   /s/ Henry Gradstein
_____

Gradstein & Marzano, P.C.
Henry Gradstein (Bar No. 89747)
Maryann R. Marzano (Bar No. 96867)
6310 San Vicente Blvd., Suite 510
Los Angeles, California 90048
Telephone: 323.776.3100
Facsimile: 323.931.4990

*Attorneys for Plaintiff Aimee Mann*

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

75

CASE NO.  CV 13-5269 GHK (FFMX)
JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL