1  PAUL M. FAKLER (*pro hac vice*)
   paul.fakler@arentfox.com
2  ROSS CHARAP (*pro hac vice*)
   ross.charap@arentfox.com
3  ERIC ROMAN (*pro hac vice*)
   eric.roman@arentfox.com
4  **ARENT FOX LLP**
   1675 Broadway
5  New York, NY 10019-5874
   Telephone: 212.484.3900
6  Facsimile: 212.484.3990

7

   Michael M. Kowsari (Bar No. 186899)
8  michael.kowsari@arentfox.com
   **ARENT FOX LLP**
9  555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013
10 Telephone: 213.443.7620
   Facsimile: 213.629.7401
11

   *Attorneys for Defendant*
12 *MusicNet, Inc. d/b/a MediaNet Digital*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIMEE MANN,<br><br>             Plaintiff,<br><br>v.<br><br>MEDIANET DIGITAL, INC.,<br><br>             Defendant. | Case No.  CV 13-5269 GHK (FFMx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE JOINT STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES; DECLARATION OF ERIC ROMAN**<br><br>Discovery Cutoff: October 31, 2014<br>Hearing Date:    September 23, 2014<br>Time:            10:00 a.m.<br>Courtroom:       E – 9th Floor<br><br>***Assigned to The Honorable Frederick F. Mumm*** |

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

CASE NO.  CV 13-5269 GHK (FFMX)
SUPPL. MEMO RE JOINT STIPULATION RE
DEFENDANT'S MOTION TO COMPEL

Defendant MusicNet, Inc. d/b/a MediaNet Digital ("MediaNet") submits this supplemental memorandum in support of MediaNet's Motion to Compel Production of Documents and Interrogatory Responses from Plaintiff Aimee Mann (the "motion to compel").

For the reasons set forth in greater detail below, MediaNet respectfully submits that, Mann's opposition notwithstanding, the documents requested in MediaNet's Requests for Production ("RFPs") Nos. 13, 16, 19, 20 and 39 concerning Mann's compulsory and direct licensing of the Compositions at Issue by third parties may lead to the discovery of evidence relevant to damages in this case, and that Mann has failed to cite any convincing authority to the contrary.  In addition, Mann's opposition fails to address the substance of MediaNet's argument that Mann's unjustifiably untimely service of its deficient, single-entry privilege log should be deemed a waiver of privilege.  Given the questionable nature of Mann's log, MediaNet respectfully submits that, at a minimum, Mann should be directed to produce to the Court the document identified in the privilege log so that the Court may assess *in camera* the sufficiency of Mann's assertion of privilege.

In addition, Mann, on the eve of the date this supplemental memorandum was due, provided MediaNet with her long-ago promised amended responses to Interrogatories Nos. 2 and 6.  MediaNet has also inspected Mann's last round of amended production and has verified that all of Mann's document production is now in the agreed-upon electronic format.  MediaNet is therefore withdrawing its requests for orders compelling Mann to (i) supplement her responses to Interrogatories 2 and 6 and (ii) re-produce all her responsive documents in single-

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

CASE NO.  CV 13-5269 GHK (FFMX)
SUPPL. MEMO RE JOINT STIPULATION RE
DEFENDANT'S MOTION TO COMPEL

page ".tiff" format with OCR and Concordance load files, as the parties agreed to at their joint conference pursuant to Fed. R. Civ. P. 26(f).

### A. The Documents Sought In RFPs Nos. 13, 16, 19, 20, and 39 Are Relevant to Damages In This Case Regardless of Whether Mann Has Elected Statutory Damages, and Mann's Opposition Fails to Cite Any Authority to the Contrary

Mann contends that MediaNet's RFPs Nos. 13, 16, 19, 20 and 39, which are generally directed to documents and communications concerning compulsory and direct licensing of the compositions at issue by third parties, cannot be relevant to the question of damages in this case as Mann is only seeking statutory, not actual, damages. However, in her opposition, Mann fails to overcome the authority cited by MediaNet that third party licensing rates and revenues are relevant to establish the fair market value of the rights allegedly infringed, and therefore are relevant to any damages available in this case. *See* MediaNet's Motion to Compel, p. 42 (citing *Warner Bros. Home Entm't, Inc. v. Slaughter*, No. 13-0892, 2013 WL 5890682, at *4 (C.D. Cal. Oct. 30, 2013) (noting that information that would be relevant to fair market value, lost revenue or lost profit is relevant as a guideline for determining what the appropriate amount of statutory damages should be.)).

In support of her contention that the documents requested are irrelevant in a statutory damages case is *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). *See* Motion to Compel at pp. 43-44. But, *Pausa Records* simply holds that a party may be entitled statutory damages; it does not touch on what factors inform should guide the Court as to what the appropriate amount of statutory damages should be. Mann's suggestion that by simply electing statutory damages she can avoid disclosing information relevant to actual damages is

Arent Fox LLP
Attorneys At Law
New York

- 2 -   CASE NO. CV 13-5269 GHK (FFMX)
SUPPL. MEMO RE JOINT STIPULATION
RE DEFENDANT'S MOTION TO COMPEL

misplaced. As *Warner Bros.* clearly states, any information that is relevant to actual damages is also relevant as a guideline for establishing where along the prescribed maximum and minimum range of statutory damages this case falls.

**B.      Mann's Delay In Producing Her Privilege Log**

In MediaNet's motion to compel, MediaNet described Mann's long history of dilatory tactics with respect to discovery, and how Mann made MediaNet wait for over three months after the date responsive documents were due to produce a single-entry privilege log that was not only unjustifiably untimely but also deficient. *See* Motion to Compel at pp. 14-19. As such, MediaNet moved for an order finding that Mann had waived privilege over the document she scheduled in her log, citing and referring in detail to the factors set forth in the seminal case of *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F. 3d 1142, 1149 (9th Cir. 2005).

Rather than directly address MediaNet's arguments based on the *Burlington* standard, Mann raised three separate and irrelevant arguments. First, Mann suggested that MediaNet was somehow being "completely disingenuous" regarding the privilege log because the parties agreed that documents that post-dated the filing of the complaint and that described communications between a party and the party's litigation counsel about this action need not be logged. However, to the extent that Mann is trying to use this agreement to explain away the fact that there is only one entry on her log, her argument still fails to address why it took her so long to provide MediaNet with that log.

Second, Mann points out that her transactional attorneys, Manatt, Phelps &

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

- 3 -

CASE NO.  CV 13-5269 GHK (FFMX)
SUPPL. MEMO RE JOINT STIPULATION
RE DEFENDANT'S MOTION TO COMPEL

Phillips, LLP ("Manatt") prepared and served a privilege log on June 10, 2014. It is difficult to see how this argument is relevant at all, and it certainly does not excuse Mann's delay in producing the log. To the contrary, the fact that third-party Manatt was able to prepare and serve an "extensive privilege log" by June 10 while Mann's litigation counsel barely managed to serve her single-entry privilege log on August 7 appears to further illustrate the unreasonableness of Mann's delay.

Third, Mann cites to email correspondence between her counsel and MediaNet's counsel dated August 7th, and argues that if MediaNet's counsel had requested further clarification of the log (which MediaNet's counsel in fact did, as is apparent from the very August 7th email that Mann cites), Mann would have the logged email " was from Sara Limebrook in the "Rights Management" department of MediaNet" and "was sent to Mann's attorney, Laurie Soriano, concerning her publisher clients, not just Mann." Motion to Compel, pp. 19-20. Mann's argument, however, fails to explain why her privilege log was untimely. It also actually raises more questions as to whether there is any legal advice at all in the logged document.

As Mann has failed to adequately respond to MediaNet's *Burlington* argument, her assertion of privilege over the logged email should be deemed waived. Alternatively, MediaNet respectfully requests that at a minimum Mann be directed to produce to the Court the documents identified in the privilege log to assess *in camera* the sufficiency of Mann's assertion of privilege.

**C.    Interrogatory Nos. 2 and 6**

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

- 4 -

CASE NO. CV 13-5269 GHK (FFMX)
SUPPL. MEMO RE JOINT STIPULATION
RE DEFENDANT'S MOTION TO COMPEL

On the eve of the day that this supplemental memorandum was due, Mann served MediaNet with supplementary responses to Interrogatories Nos. 2 and 6. As a result, MediaNet withdraws its motion for an order compelling Mann to supplement these two interrogatories by a date certain.

**D.   Format of the Production**

Mann has now re-produced all her responsive documents in single-page ".tiff" format with OCR and Concordance load files, as the parties agreed to at their joint conference pursuant to Fed. R. Civ. P. 26(f). As a result, MediaNet withdraws its request for an order compelling Mann to correct the format of her document production.

Dated: September 9, 2014          **ARENT FOX LLP**


By:   /s/ Ross Charap
PAUL M. FAKLER (*pro hac vice*)
ROSS CHARAP (*pro hac vice*)
ERIC ROMAN (*pro hac vice*)
**ARENT FOX LLP**
1675 Broadway
New York, NY  10019-5874
Telephone: 212.484.3900
Facsimile: 212.484.3990

Michael M. Kowsari
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Telephone: 213.443.7620
Facsimile: 213.629.7401

*Attorneys for Defendant
MusicNet Inc. d/b/a MediaNet Digital*

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

- 5 -         CASE NO. CV 13-5269 GHK (FFMX)
SUPPL. MEMO RE JOINT STIPULATION
RE DEFENDANT'S MOTION TO COMPEL